JAMES E. FURNESS, plaintiff in error, *vs.* ARCHIBALD WILLIAMS, administrator of Martin Baker, deceased, defendant in error.

*Error to Adams.*

Where a defendant files several special pleas, to which the plaintiff replies, and defendant neglects to add the *similiter*, he cannot assign for error that the Court below rendered judgment for the plaintiff without first disposing of the issues of fact, upon the pleas and replication.

A party is not allowed to take advantage of his own errors and omissions.

Where an action is brought upon a note, which was given for the consideration of a conveyance of land, with a covenant that the grantor had good right to convey, it is no defence to the action to plead that at the time of the conveyance, a part of the land, equal to the value of $350, of the purchase money, had "been sold under and by virtue of the revenue laws of this state to one Riddle, in the year 1844, for the taxes due thereon to the county and state aforesaid for the year 1843, and that two years have elapsed since said sale of the same as aforesaid, and the same has not been redeemed, whereby the said portion of said premises became lost," &c. The defendant should have set forth the proceedings under which the land was sold for taxes, so that the Court can see that the covenant has been broken; or he must make the general averment that the sale was legally made, and the title became thereby divested out of the plaintiff.

A covenant of seizin only extends to a title existing in a third person, which may defeat the estate granted by the covenanters. It does not embrace a title that is at the time vested in the covenantee, who is estopped from setting up such title against the covenantor.

A deed placed in the hands of a third person to hold until the performance of a condition, does not take effect until the condition is performed, and the deed is actually delivered to the grantee.

This was an action of assumpsit, brought by Baker against Furness, in the Adams Circuit Court, upon a promissory note,

payable to one Silas Ramsey, and by him endorsed to the plaintiff, and was tried at the October term, A. D. 1847, before Purple, Judge, without the intervention of a jury.

The pleadings in the cause are quite voluminous, and such parts of them only will be recited as are necessary to present the merits of the case as decided by this Court. The fifth and eighth pleas set up a failure of the consideration of the note declared upon, to which the plaintiff replied, and tendered an issue to the country, and to which defendant neglected to add the *similiter*. The sixth re-amended plea was in these words : "And for further plea, &c., defendant says *actio non*, &c., because, he says, that the promissory note in said declaration mentioned, was made and given for a part of the price and consideration of a certain parcel of land, &c., and for no other consideration whatever; and which said parcel of land the said Silas Ramsey and wife had conveyed to the defendant, by deed, wherein the said Ramsey covenanted with the defendant that said grantors had good right to convey said premises, and that they were free from all incumbrances ; and the said defendant says, that forty-five feet off the west side of said parcel of land, &c., being a part of the premises aforesaid, of the value of four hundred and fifty dollars, had, at the time of executing said deed, been sold, under and by virtue of the revenue laws of this state, to one Riddle, in the year 1844, for the taxes due thereon for the year 1843 ; and that two years have elapsed since said time of said sale, and the same have not been redeemed : and so the said defendant says, that the consideration for which said note was given has, in part, failed, and the defendant avers that the said plaintiff is not a *bona fide* assignee of said note, before the same became due, &c., and this the said defendant is ready to verify, &c.; wherefore he prays judgment," &c. To this plea the plaintiff replied, and the defendant demurred to the replication, to which there was a joinder in demurrer, and the Court below overruled the same.

The defendant, also, filed his pleas, numbered two, three, four, five, seven, nine, and eleven, the last of which sets out in full the ground relied upon as a defence to the action, and is, in substance, the same as the other pleas, as follows, to wit : "And for further plea, &c., defendant says *actio non*, &c., because he says that the promissory note in said declaration mentioned was

given by the defendant, and made to one Silas Ramsey, shortly after the sale and conveyance, for the consideration of six hundred dollars, by said Silas Ramsey and wife, to the defendant, of the same premises, in the second plea above pleaded, described by deed, whereby the said Silas Ramsey covenanted that the said grantors were seized in fee simple of said premises ; and the defendant avers, that said promissory note was made and given for part of the consideration of said conveyance and covenant, and for no other consideration whatever ; and the defendant avers, that the said grantors, nor either of them, were, nor since then have become seized in fee simple of the following portions and parts of said premises, and described, to wit : commencing at the north-west corner of said lot number two, thence east forty-five feet, thence south one hundred and sixty-five feet, thence west forty-five feet, thence north to the place of beginning ; and, also, the following described portions and parts thereof, to wit : commencing at the north-east corner of said lot number three, thence west forty feet, thence south one hundred and sixty-five feet, thence east forty feet, thence north to the place of beginning, both being in said block six, in said Wheelock's addition to said city of Quincy, in said county of Adams and state of Illinois, and which said portions and parts of said premises, &c., were then and there, and are now, of the value of four hundred dollars, and of two-thirds of the whole consideration ; and so the said defendant avers, that the consideration for which said promissory note was made and given, hath in part failed, to wit, to the amount and sum of four hundred dollars. And the defendant avers, that the said promissory note was, in fact, assigned to the plaintiff after the same was and had become due, and this he is ready to verify, &c.; wherefore he prays judgment, &c.

One replication was filed by the said plaintiff, to all of the above pleas, numbered two, three, four, five, seven, nine, and eleven ; which it is unnecessary to set out in this statement, as it is copied in full in the opinion of the Court. To this replication the defendant interposed a demurrer, and the plaintiff joined in demurrer, and the Court below overruled the same.

The errors relied upon by the defendant, to reverse the judgment rendered by the Court below, were :  1. That the Circuit Court rendered judgment for the plaintiffs, without disposing of

plaintiff's pleas numbers five and eight. 2. In overruling defendant's demurrer to plaintiff's replication to pleas, two, three, four, five, seven, nine, and eleven. 3. In overruling defendant's demurrer to plaintiff's replication to defendant's re-amended plea, number six. 4. The general assignment.

C. A. WARREN and O. C. SKINNER, for plaintiff in error:

1. The Court rendered judgment for plaintiff below, without disposing of defendant's pleas. A complete issue at law is formed on the rejoinder of defendant to the replication of plaintiff to defendant's pleas four and nine, and said issue is no where disposed of by the record. 2. The Court overruled the defendant's demurrer to plaintiff's replication to defendant's sixth plea. This is a plea of part failure of consideration. The replication is no sufficient answer to the plea, and the demurrer should have been sustained. 3. The Court struck from the files defendant's additional plea, number ten. The defendant had asked and obtained leave to file, and did file additional pleas ten and eleven. They were then regularly filed upon leave. The tenth plea is good, and the Court had no discretion in the matter, after having given leave to file such a plea as was filed. 4. The Court allowed the plaintiff to file replication, setting up new matter to defendant's pleas, two, three, four, five, seven, nine and eleven. As to the fourth and ninth pleas, there was, then, replication, rejoinder, demurrer to rejoinder, and joinder in demurrer. As to the second, third, fifth and seventh pleas, there was, then, replication, rejoinder traversing the replication, and complete issue to the country. 5. The Court improperly overruled the defendant's demurrer to plaintiff's replication to defendant's amended pleas two, three, four, five, seven, nine and eleven. The replication is double. The party is estopped by his covenants from setting up the defence contained in the replication. It is contradicting a deed by parol.

In support of the second and third points, the plaintiff in error relies upon the following authorities: 11 Wendell, 425, 426; 4 Peters, 83 to 89; Comyn's Digest, title, "Estoppel," (A 2) and at large; 1 Phillips' Evidence, 547 to 549; 1 Starkie's Ev., 294, 295; 1 Greenleaf's Ev., secs. 22, 23, 24; 17 Mass. 601; 9 Cowen, 752 to 755; 1 *Johnson's* Chancery Rep., 428–430; 2 Brown's Ch. Rep., 219; 1 Bro. Ch. Rep., 93, and note *a,* and

cases there cited; 9 John., 307; 10 Wendell, 181 to 186; 1 McLean, 181, 182, 183; 8 Mass., 147, 148; 15 Pick., 66 to 70; 10 Conn., 431, 432; Cowen & Hill's notes to Phillips' Evidence, 3 vol., 1430, 1431; 12 John., 429; 20 John., 50, 51; 3 Johnson's Cases, 175, 177.

WILLIAMS & LAWRENCE, for defendant in error:

The sixth plea sets up a failure of consideration as to part of the note sued on, by averring a sale of the land for taxes. Inasmuch as a defence of this nature, to a suit brought on a promissory note by a grantor against his grantee, is permitted for the sake of avoiding circuity of action, a plea setting it up should contain the same averments that would be necessary in a declaration in covenant, founded on a breach of the covenants in the deed. The covenants set up in this sixth plea, are of a right to convey, and that the land was free from incumbrances. A covenant of right to convey is the same as a covenant of seizin. 4 Mass., 631; 2 ibid, 437; 2 ibid, 408; Willard *vs.* Twitchell, 1 N. H., 177. The covenant, if broken at all, is broken as soon as it is made, like the covenant of seizin. The plea shows that the tax title accrued after the deed was made; the time of redemption not having expired till after that time. The facts, therefore, alleged in the plea, admit a seizin at the time the covenant was made, and, therefore, a good right to convey. But it is contended that the plea shows a breach of the covenant against incumbrances, and this is the ground relied on. The plea does not aver a disturbance of the possession of the covenantee, nor that he has paid off the incumbrances. At best, therefore, it would only entitle the defendant to nominal damages, and is, therefore, bad as a plea of failure of consideration. The covenant against incumbrances, even if broken, only entitles the covenantee to nominal damages, until he has been evicted or paid off the incumbrance. Stanard *vs.* Eldridge, 16 Johns., 254; Delamyne *vs.* Norris, 7 Johns., 358; Prescott *vs.* Trueman, 4 Mass., 631; Deforest *vs.* Leete, 16 J. R., 122; Taft *vs.* Adams, 8 Pick., 547. The plea is, moreover, fatally defective in not showing that the sale of the land for taxes conveyed a title so as to constitute an incumbrance. It does not even aver a judgment and precept, or that the sale was legally or duly made. The presumption, therefore, on the face of the

30

plea, is, that the sale of the land for taxes was void. Watson
vs. Stucker, 5 Dana, 581. The replication is unquestionably
good, as it avers that the tax title is held in trust for Furness,
and is not, therefore, an outstanding incumbrance, and that Fur-
ness has remained in undisturbed possession of the premises.
The replication to the second, third, fourth, fifth, seventh, ninth
and eleventh pleas, shows that none of the covenants have been
broken, and is therefore good. 1. It shows that the only out-
standing claim of title was worthless. 2. It shows that this
claim of title, such as it was, was vested in Furness, before the
deed from Ramsey was delivered to and accepted by Furness,
and that, therefore, even if it had been a good title, it would
not have constituted a breach of any of the covenants. The
replication further shows, that an abatement of the purchase
money was made, to enable Furness to buy in this outstanding
claim of title, and that he had already bought it in. The fol-
lowing cases are in point: Watts vs. Wellman, 2 N. H., 458;
Fitch vs. Baldwin, 17 Johns., 166.

A. WHEAT, for plaintiff in error, in reply:

The record shows three pleas, numbered five; the first al-
leging a want, and the other two a failure of consideration. To
the first the plaintiff replied, by way of traverse, with a conclu-
sion to the country. The plaintiff's amended replication applied
to but one of these pleas. If to the first, there is error, for the
other two remained unanswered, and the judgment, instead of
being for the plaintiff, should have been for the defendant, on
them; and if to one of the latter, then, also, is there error; for
there was no finding upon the issue formed by the original rep-
lication to the first plea numbered five—the only issue formed
being that formed by the plea of non-assumpsit. It also appears
from the record, that the same error occurred in relation to plea
number eight. There were two pleas numbered eight; the first,
like the first plea numbered five, alleged a want, and the latter,
like the second and third pleas numbered five, a failure of con-
sideration; and on the first, issue was joined in the same way
that it was on the first plea numbered five. No answer was
filed to the latter. One, and but one, of these pleas was aban-
doned, and whichever of them it was, there is error in not prop-
erly disposing of the other.

The record further shows, that the defendant, by leave of the Court, and which was given without qualification or terms imposed, filed a plea numbered ten, which was afterwards, on motion of the plaintiff, stricken from the files. In this there was error. The defendant having filed the plea by leave of the Court, it was as regularly on file, and a part of the record, as if it had been one of the original pleas. If it was substantially like some other plea, the Court, perhaps, might have compelled the defendant to elect which he would retain, and have ordered the other to be stricken from the files. But this plea was not like any of the rest.

The objections taken to re-amended plea number six, are not good. The plea alleges that the premises were sold under and by virtue of the revenue laws, for taxes ; that they were not redeemed, and that thereby the title was lost. The Court will, of course, take notice of what these laws are, and, like the law, presume that the officers appointed to carry it into execution, performed their duty, until the contrary is made to appear. The authority cited, 5 Dana, 581, to show that the plea is not sufficiently particular, instead of sustaining the position taken by the other side, is a case in point to sustain the plea. The allegations of this plea are more full, certain, precise, and particular, than those of the bill in that case in which they were not questioned.

It is not contended in this case by the plaintiff in error, that the warrant of a right to convey, or of seizin, is broken by a sale of the premises for taxes, previous to the conveyance, the title to which under the sale had not then matured. It is unnecessary for him to contend for the breach, and the only one assigned in the plea is of the covenant that the premises were free of incumbrance, and not of the covenant of seizin, as seems to have been supposed by the counsel for the defendant in error. This correction disposes of several authorities cited on the other side.

It is further objected to this plea, that it contains no allegation that the defendant has been evicted, or that he has procured a discharge of the incumbrance, and several authorities are cited to sustain this position, none of which, however, do sustain it. They all show that the defendant being, as to this plea, in the attitude of plaintiff, would in such case, or without such allegation, have a right to recover nominal damages, at least.

If the defendant was entitled to nominal damages, on the facts stated in his plea, then the plea is not bad. The objection is one to be made, on a question relative to the *amount* to be recovered, and not on one relative to the right to recover at all.

If the grantee has not procured a discharge of the incumbrance existing at the time of his purchase, and no title has matured on that incumbrance, and he has not been disturbed in his possession, at the time of suit brought to recover damages, for a breach of the grantor's covenant that the premises were free of incumbrance, he would, perhaps, be only entitled to recover only nominal damages. But whenever, at the time of suit brought to recover damages for the breach of such a covenant, he has procured a discharge of the incumbrance, or has been disturbed in his possession or enjoyment of the premises, by reason of it, or a title to the premises has matured upon it, he would unquestionably be entitled to recover all the damages he had sustained. Frisbie *vs.* Hoofnagle, 11 John., 50. And to the same effect are several of the authorities cited by the other side. This plea shows that, at the time of suit brought, a title had matured on the sale made, previous to the conveyance. The replication to this plea is bad, unless it is the duty of a grantee to pay off or procure a release or discharge of an incumbrance existing upon the premises, at the time of his purchase, before he can maintain a suit against his grantor for a breach of a warrant against incumbrance. To show that such is not the law needs no reference to authorities. A bare glance at the effect and consequences of such a rule, must be sufficient to show that none such can exist. If the plea is true, and this is admitted by the replication, the covenant against incumbrance was broken the instant the deed was executed. The grantee then had a right of action against the grantor. How has that right ever been destroyed? The replication does not pretend to show; but, on the contrary, assumes that no such right ever existed. The Court, therefore, erred in overruling the demurrer to this replication. If, however, the plea is bad, still the Court erred in overruling the demurrer, for it should, in such case, have sustained it to the plea; and this is error that the defendant may assign, for by it he has been prejudiced.

The Court erred in overruling the demurrer to the amended replication to pleas two, three, four, five, seven, nine and eleven.

It is objected to some of these pleas, that they are to the whole declaration, which contains, besides a special count upon the note, the common counts, and that they are not good to the common counts. The pleas objected to do not state that they are to the declaration, and they all relate to the note declared on in the first count. They will, therefore, be considered as pleas to the first count only. Holbrook *vs.* Vibbard, 2 Scam., 467.

The replication seeks to avoid the covenants, by showing that the grantee was seized of the premises at the time they were executed. This the grantor is estopped from doing, for his covenant is, that he was seized, and not that the grantee was seized. The replication, therefore, is no defence to the pleas. If it be true, however, that the grantee was seized of the premises at the time the covenant was executed, it is admitted that he would be entitled to recover only nominal damages. And for the purpose of preventing the recovery of any more, the grantor might show the grantee's seizin at the trial.

Opinion by TREAT, C. J. :

This record is very voluminous, and numerous errors are assigned upon it; but on a careful examination, it is found to present but three questions for the consideration of the Court.

*First.* It is insisted that the Court proceeded to render final judgment for the plaintiff, without first disposing of an issue of fact formed on the fifth and eighth pleas. At an early stage of the case, the plaintiff filed a special replication to these pleas, concluding to the country, but the record fails to show that the defendant ever added a *similiter*. That was necessary to complete the issue. There was then no issue which the Court was bound to notice. The defendant in effect abandoned the pleas, by failing to join the issue tendered by the replication. The case of Waters *vs.* Simpson, 2 Gilman, 570, is precisely in point, and fully disposes of this question. Presumptions are often raised in favor of the judgments of the Circuit Courts. Thus, after a judgment on demurrer, a joinder in demurrer will be presumed ; and after verdict, the want of a *similiter* will not vitiate the finding. But such presumptions are never indulged against a judgment. A party is not allowed to take advantage of his own errors and omissions.

*Second.* The declaration is on a promissory note, payable to
Ramsey, and assigned to the plaintiff. The sixth re-amended
plea is one of partial failure of consideration, and, after stating
in substance that the note was made in consideration of the sale
of a town lot, which Ramsey conveyed to the defendant, with
covenants of good right to convey, and against incumbrances,
proceeds to aver that a part of the lot, equal to three hundred
and fifty dollars of the purchase money, had, at the time of the
conveyance, "been sold, under and by virtue of the revenue
laws of this state, to one Riddle, in the year 1844, for the taxes
due thereon to the county and state aforesaid, for the year 1843,
and that two years have elapsed since said sale of the same as
aforesaid, and the same has not been redeemed, whereby the said
portion of the said premises aforesaid became lost." There was
a special replication to this plea, to which a demurrer was over-
ruled. It will not be necessary to advert to the replication, as
the plea, in the opinion of the Court, is clearly bad on general
demurrer. The defence relied on is a breach of the covenants
contained in the deed, and in pleading it, the defendant is to be
held to the same strictness as in declaring in an action brought
directly on the covenants. On every principle of correct plead-
ing, he is bound to set forth the proceedings under which the lot
was sold, so that the Court can see that the covenant has been
broken; or he must make the general averment that the sale
was legally made, and the title thereby divested. In this plea,
he does not pretend to set out the proceedings; nor does he
make any allegations respecting their regularity and validity.
He simply alleges that the lot had been sold under the revenue
laws, without averring that the sale was duly made, or stating
any facts showing that the title passed thereby to the purcha-
ser.

*Third.* The defendant filed amended pleas two, three, four,
five, seven, nine and eleven, all intended to present the same
defence—a failure of consideration. The pleas state, in sub-
stance, that the note was given in consideration of the sale of a
town lot, which Ramsey conveyed to the defendant with a cove-
nant of seizin, and then aver generally that he was not seized.
To these pleas the plaintiff filed the following replication:
" That heretofore, to wit, on the eighth day of November, A. D.
1843, the said Silas Ramsey was seized in fee simple of the said

real estate, by title derived from Thomas Baxter, the patentee, by a regular chain of deeds, duly recorded in the county of Adams and state of Illinois; that Mary Ann Freeman, wife af Elam S. Freeman, claimed to have some title to said real estate, or a part thereof, derived from one James P. Rose, and which the the said James P. Rose had derived from one John Droullard, and which the said Droullard claimed under an alleged title from said Baxter, the patentee, which was not of record, and that this was the only conflicting claim of title to the said real estate; that on the 8th day of November aforesaid, the said Ramsey conveyed the said real estate to one Edward Mullen, by deed duly executed and acknowledged, and recorded on the next day, and the said Mullen executed to said Ramsey a mortgage on the said real estate for the purchase money, and acknowledged the same on the said 8th day of November, 1843, which was duly recorded on the 13th day of November, 1843; and that, on the 10th day of December, 1844, the said Edward Mullen sold and conveyed the said real estate to the said James E. Furness, by deed dated, acknowledged and recorded on that day, the mortgage on said property being unpaid and not released; that subsequently to these transactions, and about the 21st of April, 1845, the said James E. Furness contracted with the said Ramsey to purchase the said real estate from him, for the consideration of six hundred dollars, and the said Ramsey accordingly executed a deed to said Furness for said property, bearing date on the last mentioned day, and lodged it as an escrow in the hands of Wm. H. Ralston, to be delivered to said Furness on his compliance with the contract; that said Furness afterwards refused to comply with the terms of the purchase, because of the claim set up by said Mary Ann Freeman; that said Furness afterwards, to wit, on the 22d day of May, A. D. 1845, did purchase of said Mary Ann Freeman and her husband, Elam S. Freeman, their title to said real estate, and received their deed therefor, which was duly recorded on the 22d of October, 1845; that said Furness afterwards offered said Ramsey to complete the said purchase from him, if he, said Ramsey, would reduce the price to be paid for it by the deduction of one hundred and ninety dollars therefrom, which sum the said Furness ( concealing the fact that he had already purchased it) declared he would have to pay for the title of said Mary Ann Freeman; that afterwards the said

Ramsey consented to this arrangement, and gave instructions accordingly to the said Wm. H. Ralston; that the said promissory note, bearing date the 25th day of May, A. D. 1845, was executed accordingly by the said James E. Furness to the said Ramsey, and on or about the 4th day of June, A. D. 1845, the said deed from the said Ramsey to the said Furness was delivered by the said Ralston to the said Furness, and accepted by him, and the said mortgage from the said Mullen to the said Ramsey was duly released upon the record by the said Ralston, as attorney in fact for the said Ramsey; and so the plaintiff avers that the said Furness, at the time of the delivery and acceptance of the said deed from the said Ramsey, was in possession of the only other title or claim of title, that had ever been set up, inconsistent with the said Ramsey's title; and was also the purchaser by deed from the said Mullen, to whom the said Ramsey had previously conveyed it, and from whom he had taken a mortgage as aforesaid; and he further avers, that, at the time aforesaid, there was no other title to the said property, except as stated in this replication, and that the said Furness, and those claiming under him, have never been disturbed in the possession of the same."

The Court overruled a demurrer to this replication. In the opinion of the Court, the replication presents a good answer to the pleas. The pleas set up a breach of the covenant of seizin; and that covenant was broken, if at all, at the moment it was made. The replication shows that the only conflicting claim of title to the lot was in the defendant, at the time of the delivery of the deed, and that claim was, in fact, purchased in by him at the cost of Ramsey. It is attempted, therefore, on the part of the defendant, to establish a breach of the covenant, by proving that he was himself seized instead of his grantor. The law does not allow this to be done. The covenant of seizin only extends to a title existing in a third person, which may defeat the estate granted by the covenantor. It does not embrace a title that may already be in the grantee. The grantee is estopped from setting up the title previously acquired against his vendor. This precise question was decided in the case of Fitch vs. Baldwin, 17 Johnson, 161. The Court there say: " It can never be permitted to a person, to accept a deed with covenants of seizin, and then turn round upon his grantor, and allege that his covenant is

broken, for that, at the time he accepted the deed, he himself was seized of the premises. If there had been fraud in the case, and the plaintiffs could have shown that the testator had been induced by undue means, and in ignorance of his rights, to take a deed for his own land, there might be relief in a Court of Equity." See also the case of Beebee *vs.* Swartwout, 3 Gilman, 162, where the same principle is recognized.

It is insisted that the replication sets up facts inconsistent with the deed, and therefore seeks to vary its terms. To this it may be replied, that the deed did not take effect until it was delivered by Ralston, and that before that time all of the transactions referred to in the replication were consummated. The true question is, was there any outstanding title in third persons, at the time the deed became operative, which could defeat the estate. The replication shows that such was not the case, and it is, therefore, a complete answer to the pleas.

The judgment of the Circuit Court must be affirmed, with costs.

*Judgment affirmed.*