## ALFRED SKINNER *et al.*

### *v.*

## PRELATE D. BAKER *et al.*

1. CONVEYANCE—*delivery necessary to the conveyance of land by deed.* Delivery is an indispensable element to the conveyance of land by deed, for the reason that a deed takes effect only from the delivery.

2. SAME—*delivery may be to grantee, or to his agent.* A deed may be delivered to the grantee, or to any person authorized by him to receive it, in which case the title to the premises will pass.

3. SAME—*delivery to a stranger to hold until conditions complied with.* Where a deed is delivered to a stranger to be held until certain conditions are performed by the grantee, and then to be delivered by him to the grantee, the title does not pass, but remains in the grantor until the conditions are complied with.

4. So, where the grantee in a deed drew a draft for the amount of the purchase money for land which he had previously contracted to purchase, and placed it in the hands of a banker for collection, and the owner of the land placed his deed to the purchaser in the hands of the same banker,

to be delivered to the purchaser on condition that the draft was duly paid, and the purchaser agreed that if the draft was not duly paid, he would relinquish all his right to the land under the contract, and the draft was returned protested for non-payment, it was *held*, that no title passed by the deed, and that all claim of the grantee to the land, under his contract, was extinguished, and all rights of those claiming under him ceased, and that a lease from him which stood upon the records was a cloud upon the title of the owner, and should be removed by a court of equity by decree.

WRIT OF ERROR to the Circuit Court of Cook county.

Mr. EDWARD ROBY, for the plaintiffs in error.

Messrs. MONROE, BISBEE & BALL, and Mr. C. BECKWITH, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

In the view we take of this case, it will not be necessary to consider the effect of the mistake in the description of the premises in the contract, executed Sept. 19, 1868, by which Marcy & Manville, on behalf of Huntington, contracted to sell the property to Hinman.

The real question presented by the record is, whether plaintiffs in error, Skinner and Tibbitts, acquired any right or title in the premises which should be protected by a court of equity, and the solution of this depends mainly upon another question, whether Hinman acquired title by virtue of the deed executed by Huntington and placed in the possession of De-Koven, to be delivered over to Hinman upon the condition that a draft for $5800, drawn on Hughes, should be paid at maturity.

It is insisted by counsel for plaintiffs in error that the title to the premises in controversy passed to Hinman by this deed.

Whether this position is correct will depend upon the legal effect of the contract entered into between Hinman and the agent of Huntington, on or about the 10th day of December, 1868, at the time the deed was delivered to DeKoven.

498     SKINNER *et al. v.* BAKER *et al.*     [Sept. T.

Opinion of the Court.

It is a conceded fact, that the sale of the land made on the 19th of September, 1868, was a cash sale. As soon as a satisfactory abstract of title could be procured the entire amount of the purchase money was to be paid.

After Hinman had become satisfied in regard to the validity of the title, Edward A. Driver, of Chicago, who was the agent of Huntington, and who had a deed duly executed and ready for delivery upon receipt of the purchase money, notified Hinman that the money must be paid and the transaction closed by the 10th day of December, 1868. On the day named, Hinman appeared at Driver's office, and three o'clock of the afternoon was fixed upon as the time to pay the money and receive the deed. At the appointed hour the parties met, but Hinman could not raise the money. He wanted more time. This was refused.

After, however, considerable negotiation between the parties, it was finally agreed that the deed from Huntington to Hinman for the premises, which was in the possession of the agent ready for delivery upon the payment of the purchase money, should be deposited with DeKoven, a cashier of a bank in Chicago; that Hinman should also deliver to the cashier a draft for $5800, drawn upon one Hughes. of Cincinnati, which should be sent for payment, and in the event that the draft should be paid in due time, then the deed should be placed upon record, and in case the draft was not paid, the deed was to be returned, and Hinman signed an agreement to give up and relinquish all claim to the premises if the draft should not be paid. The draft was payable one day after sight. It was immediately forwarded by DeKoven to Cincinnati for collection. It was presented to Hughes, accepted by him, but not paid, and after the expiration of ten or twelve days, it was returned to DeKoven protested for non-payment.

In pursuance of the agreement previously made, the deed was returned by DeKoven to the agent of Huntington, and canceled.

To return to the question, did this transaction vest the title to the premises in Hinman? Delivery is an essential and indispensable element to the conveyance of lands by deed, for the reason that a deed takes effect only from the delivery.

A deed may be delivered directly to the grantee, or any person authorized by him to receive it, in which case the title to the premises will pass.

But where a deed is delivered to a stranger to be held until certain conditions are performed by the grantee, and then to be passed over to him, a different rule prevails. Until the conditions are performed, and the deed passed over to the grantee, the title to the premises does not pass.

It is well said by Kent, vol. 4, p. 454, in the discussion of the effect of the delivery of a deed to a stranger to be held until the performance of a condition by the grantee, "It may be delivered to a stranger as in *escrow*, which means a conditional delivery to the stranger, to be kept by him until certain conditions be performed. and then to be delivered over to the grantee. Until the conditions be performed and the deed delivered over, the estate does not pass, but remains in the grantor."

In *Jackson* v. *Catlin*, 2 Johnson, 258, it was held that a deed is delivered as in *escrow*, when the delivery is conditional, that is when it is delivered to a third person to keep until something be done by the grantee, and it is of no force until the condition be fulfilled. See, also, *Simonds* v. *Catlin*, 2 Caines, 61.

The same doctrine was announced by this court in *Furness* v. *Williams*, 11 Ill. 229

The deed in question was clearly delivered as in *escrow*. It was deposited with DeKoven to be delivered over to Hinman upon the payment of the draft he had drawn on Hughes for the payment of the purchase money.

The deed could not operate until the condition was performed. The condition was plain and obvious that the draft should be paid before the title could pass to the grantee.

The condition upon which the deed was to be delivered over to Hinman by DeKoven, and without which the estate in the premises could not pass, having never been performed, Hinman acquired no title in the premises.

All right or title which Hinman had acquired in and to the premises by the contract of Sept. 19th, 1868, he agreed to relinquish and abandon in the event that the draft on Hughes was not paid at maturity, and we perceive no reason why he should not be bound by the terms and conditions of that contract.

The lease held by plaintiffs in error from Hinman and Hughes, with the privilege of purchase, was dependent upon Hinman's title, and when Hinman failed to pay for the premises, and, on account of such failure, lost what rights he had under the contract of purchase, the rights of plaintiffs in error under the lease, whatever they were, ceased with the termination of Hinman's rights under the contract, and as the lease stood upon the record as a cloud upon the title of Baker, who purchased and obtained a conveyance from Huntington, it was within the power of a court of equity to remove the cloud from the title by decree.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*