JOHN C. HORRIGAN *vs.* EDMUND RICE, Jr., and another.

June 26, 1888.

**Deed—Covenant—Outstanding Title in Grantee.**—The covenants in a deed only extend to a title existing in a third person which may defeat the estate granted by the covenantor, and not to a title already vested in the covenantee.

This action was brought in the district court for Ramsey county for alleged breach of a covenant of seizin in a deed from defendants to plaintiff, and was tried, without a jury, by *Brill,* J., who ordered judgment for defendants, from which judgment the plaintiff appeals.

The court found that by the deed in question the defendants conveyed to plaintiff, with covenant of seizin, lot 9, in block 2, in a certain addition, according to the plat, etc.; that the plat shows the lot to be of a width throughout of 50 feet; but at the time of the execution and delivery of the deed the defendants owned a part of the lot, 47 feet in width, only, the other three feet being then and ever since owned by plaintiff.

v.39M—4

*C. D. O'Brien,* for appellant.

*Harvey Officer,* for respondents.

MITCHELL, J.   Where, at the time of the conveyance, the purchaser has in himself the valid title to the premises, he cannot sue on the covenants it contains, for they only extend to a title existing in a third person which may defeat the estate granted by the covenantor. They do not embrace a title already vested in the covenantee.   "It never can be permitted to a person to accept a deed with covenants of seizin, and then turn round upon his grantor, and allege that his covenant is broken, for that, at the time he accepted the deed, he himself was seized of the premises." *Fitch* v. *Baldwin,* 17 John. 161; *Beebe* v. *Swartwout,* 3 Gilman, 162, 179; *Furness* v. *Williams,* 11 Ill. 229; Rawle, Cov. § 268; Bigelow, Estop. 346.   This is decisive of the only point in this case.   Had the plaintiff been induced through fraud to accept a deed of his own property, or had he done so in ignorance of the facts affecting his own rights, he might have been entitled to some form of relief.   But no such suggestion is made either in his pleadings or his proof.   He predicates his right to recover solely upon the covenant of seizin.

Judgment affirmed.