PERRY G. COMSTOCK *vs.* JOHN P. SON.

Berkshire.    September 8, 1891. — September 15, 1891.

Present: ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Warranty Deed — Consideration — Equitable Defence — Mistake — Damages.*

A deed is not void as between the parties if without consideration, nor is want of consideration an answer to an action upon a covenant.

A conveyance of land is upon a good consideration, if made in satisfaction of a claim pressed by the grantee in good faith on the grantor, upon the grantor's promise to pay a note made by the grantee at the grantor's request and used by him, where the main defence to the claim, if not the only one, was a discharge in bankruptcy, the effect of which was in dispute.

A warranty deed of land will not be declared void on the ground of mistake, at the instance of the grantor, who fails to convey a good title by reason of having previously mortgaged the same land to the grantee, where the only mistake on the grantee's part was one into which he was led by the grantor's statement,

in supposing that the grantor had not conveyed the land previously by the mortgage.

The grantee in a deed containing a covenant of warranty is entitled to substantial damages upon proof of an eviction and breach of the covenant.

CONTRACT, for breach of the covenant of warranty in a deed of land. Trial in the Superior Court, without a jury, before *Braley*, J., who found for the plaintiff; and the defendant alleged exceptions, which, so far as material to the points decided, appear in the opinion.

*W. C. Spaulding*, for the defendant.

*H. C. Joyner*, for the plaintiff.

HOLMES, J. This is an action on the covenant of warranty in a conveyance of land by the defendant to the plaintiff. The execution of the deed is admitted, and the evidence tended to show an eviction of the plaintiff by paramount title. The case comes before us on exceptions to the refusal of the court to give certain rulings. We will take up successively those which were argued.

1. The first ruling asked was that the deed was without consideration and void. A deed is not void as between the parties if without consideration, nor is want of consideration an answer to an action upon a covenant. *Mather* v. *Corliss*, 103 Mass. 568, 571. Furthermore, there was evidence that the plaintiff furnished a consideration. He was making a claim on the defendant, seemingly in good faith, upon the defendant's promise to pay a note for one thousand dollars, made by the plaintiff at the defendant's request, and used by the latter. The main, if not the only defence, was a discharge in bankruptcy, the effect of which seems to have been disputed. The conveyance was made in satisfaction of the plaintiff's claim. *Allis* v. *Billings*, 2 Cush. 19, 26.

2. The next request to be considered was that the evidence "sustained an equitable defence," under the St. of 1883, c. 223, § 14. We understand this to mean, that the evidence required, and not merely that it warranted, a finding for the defendant on this ground. The argument seems to be that the present deed conveyed no title and was void, because the defendant previously had conveyed the premises by a mortgage, and that the plaintiff had notice of the facts because he was the mortgagee. But a

deed is not void simply because it fails to convey a good title. Still less are the covenants so, which are framed to meet that very contingency. It was said, that there was mutual mistake. But the plaintiff, and probably the defendant, understood what land was conveyed by the present deed. They used the language and did the thing which they meant to do. The only mistake on the plaintiff's part was one into which he was led by the defendant's statement, and consisted in supposing that the defendant had not conveyed the premises previously by the mortgage. The mistake was of the class which go only to motives, and probably more would have to be shown to authorize a rescission even in favor of the plaintiff. When there has been a breach of the covenant of warranty there generally has been a mistake of this sort as to the title of the grantor, but it hardly is a ground on which the grantor can expect to be relieved of his covenant.

3. The last point argued is that the plaintiff can recover only nominal damages. As we have said, the evidence showed an eviction and breach of the covenant of warranty. If these facts were proved, there is no reason why substantial damages should not be recovered. *Estabrook* v. *Smith*, 6 Gray, 572. *Mather* v. *Corliss*, 103 Mass. 568.                    *Exceptions overruled.*