WINFIELD S. HOLT *v.* ADOLPHUS RULEAU.

Special Term at Rutland, November, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 7, 1910.

*Deeds—Covenants of Seisin—Scope—Breach—Title in Grantee
—Estoppel—Recitals.*

A covenant of seisin in a deed of real estate imports title, and is not
satisfied by mere possession.

A grantee in a deed poll conveying real estate cannot establish a
breach of the covenant of seisin by showing that he himself was
seised, and not the grantor; for such covenant protects the grantee
only against title in third persons.

Where a recital in a deed is intended to be a statement that all the
parties thereto mutually agree to admit as true, it estops all; but
if intended as the statement of one party only, he alone is estopped;
and the intent is to be gathered from the deed.

COVENANT. Heard, on general demurrer to the declaration,
at the June Term, 1909, Bennington County, *Waterman,* J.. pre-
siding. Demurrer sustained, and declaration adjudged insuffi-
cient. The plaintiff excepted. Case passed to the Supreme
Court before final judgment. The opinion sufficiently states
the questioned allegation.

*O. M. Barber* and *E. H. Holden* for the plaintiff.

The covenant in the deed declared upon that "I am the sole
owner of the premises and have good right and title to convey
the same" is a covenant of seisin and title. *Marston* v. *Hobbs,*
2 Mass. 433; *Willard* v. *Twitchell,* 1 N. H. 177; *Lockwood* v.
*Sturdevant,* 6 Conn. 373; *Catlin* v. *Hurlburt,* 3 Vt. 403.

Estoppel is a defence which cannot be raised by demurrer,
unless the facts constituting it affirmatively appear on the face
of the pleadings. 1 Chitty on Pl. 522; 8 Enc. Pl. & Pr. 9; 16
Cyc. 809. The grantee in a deed is not estopped to deny the

title of his grantor when he does not claim title under such deed, unless the instrument of conveyance contains some condition, the acceptance of which would be equivalent to a covenant. 11 Am. & Eng. Enc. of Law, 440; *Robertson* v. *Pickerel*, 109 U. S. 608, 27 L. Ed. 1049; *Bybee* v. *O. & C. R. Co.*, 139 U. S. 663, 35 L. Ed. 305; *Gardner* v. *Green*, 5 R. I. 104; *Small* v. *Proctor*, 15 Mass. 495.

The covenant of seisin is broken when made, if the covenantor does not then have title, regardless of the fact that it is in the grantee. *Pinney* v. *Andrus*, 41 Vt. 631, 641; *Myrick* v. *Slason*, 19 Vt. 121; *Butler* v. *Gale*, 27 Vt. 739; *Bean* v. *Mayo*, 5 Me. 94; *Townshend* v. *Weld*, 8 Mass. 146; *Hubbard* v. *Norton*, 10 Conn. 422, 431; *Barlow* v. *Delaney*, 40 Fed. 97; *Browne* v. *Taylor*, 4 L. R. A. (N. S.) 310 and note.

*J. K. Batchelder* for the defendant.

In this country a covenant of seisin, in most of the states, means that the covenantor is lawfully seised; in other words it is a covenant for the title.  *Cook* v. *Fowns*, 1 Keble 95.

"And it never can be permitted for a person to accept a deed with covenants of title and then turn around upon a grantor and allege that his covenant is broken in that at the time he accepted the deed, he himself was seised of the premises." Rawle on Covenants for Title, 455-56; *Fitch* v. *Baldwin*, 17 Johns. 166; *Beebe* v. *Swartwout*, 3 Gilman, 179; *Furness* v. *Williams*, 11 Ill. 229; *Horrigan* v. *Rice*, 38 N. W. 76; *Swazey* v. *Brooks*, 34 Vt. 455.

ROWELL, C. J.   This is an action for breach of the covenant of sole ownership in a deed of land from the defendant to the plaintiff.   The breach alleged is that the defendant was not the sole owner, but that the plaintiff was, and had been for a long time.   The defendant demurs generally.   Both parties treat the covenant as virtually a covenant of seisin, and we treat it so, inasmuch as under our law a covenant of seisin imports title, and is not satisfied by mere possession, as it is in some jurisdictions.

The question presented is, therefore, whether a grantee in a deed poll can establish a breach of the covenant of seisin by showing that he himself was seised and not his grantor.

The plaintiff claims that the case rests for determination on the principles approved by this Court in *Richardson* v. *Dorr*, 5 Vt. 9, 21. Those are general principles of undoubted soundness, but they are based upon the assumption that they come within the scope of the covenants, while here the thing they assume is the very thing to be decided, and it will not do to take the conclusion itself as one of the premises of an argument, for then you get "a circle in the proof," which is fallacious.

The plaintiff also claims that he is not estopped from showing that he was seised; and the defendant does not claim it, but claims that his covenant extends only to titles existing in third persons, and does not embrace a title already in the grantee. And in this he is sustained by the cases, some of which, however, seem to favor the notion of estoppel also. But in that we think they are wrong, as is pretty clearly shown in *Sparrow* v. *Kingman*, 1 N. Y. 242, and many other cases. It may be well to say here that if there is a recital intended to be a statement that all the parties to the deed have mutually agreed to admit as true, it estops all; but if intended to be a statement of one party only, he alone is estopped; and that the intent is to be gathered from the deed. *Stoughill* v. *Buck*, 14 Q. B. 781, 68 E. C. L.

Coming now to the cases bearing directly upon the question, the first in point of time is *Fitch* v. *Baldwin*, 17 Johns. 161, decided in 1819. That was an action on a covenant of seisin in a deed from the defendant to the plaintiff's testator. The court said that the allegation that the defendant had broken his covenant of seisin because the testator owned the land when he bought it, was repugnant to the direct acknowledgment in the act of taking the deed from the defendant; that paying a valuable consideration and accepting the deed from the defendant restrained the testator from asserting that the defendant was not seised of the premises but that he was; that the covenant of seisin protects the grantee, not against title in himself, but only against title in third persons that might defeat the estate granted; and that it never could be permitted to a person to accept a deed with a covenant of seisin, and then turn round upon his grantor and allege that his covenant is broken because at the time he accepted the deed he himself was seised of the premises.

The same thing was held in *Beebe* v. *Swartwout*, 3 Gilman, (Ill.), 162, and put on the ground of estoppel. So in *Furness* v. *Williams*, 11 Ill. 229, the defendant attempted to establish a breach of the covenant of seisin by showing that he himself was seised and not his grantor. But it was held that the covenant of seisin extends only to a title existing in a third person, and not to a title existing in the grantee. It was also held that the defendant was estopped from setting up title in himself.

In *Smiley* v. *Fries*, 104 Ill. 416, one cotenant of three-fourths of certain land gave to his cotenant a warranty deed of the whole. Afterwards the other cotenant gave to him a warranty deed of his fourth. Held, that the covenants in the former deed were not broken by reason of the outstanding title in the other cotenant, the grantee, and that he could maintain no action on that account, and consequently that the title conveyed by the latter deed did not inure to the benefit of the title conveyed by the former deed, because such inuring is by way of estoppel to avoid circuity of action, but as there could be no circuity of action, there being no liability on the covenants, there was no foundation for an estoppel.

*Harrigan* v. *Rice*, 39 Minn. 49, 38 N. W. 765, was for a breach of the covenants in a deed from the defendants to the plaintiff. It was held that the covenants in a deed extend only to a title existing in a third person that may defeat the estate granted, and not to a title already vested in the grantee. The court went on to say that if the plaintiff was induced by fraud to accept a deed of his own property, or had done so in ignorance of the facts affecting his rights, he might be entitled to some form of relief; but that he made no such suggestion, but predicated his right to recover solely upon the covenant of seisin.

In *Eames* v. *Armstrong*, 146 No. Car. 1, 59 S. E. 165, 125 Am. St. Rep. 436, it is held that the covenant of seisin extends only to a title existing in a third person, and does not embrace a title already in the grantee. And see 8 Am. & Eng. Ency. Law, 2d ed. 88; Rawle, Cov., 4th ed., 455; 2 Dev. Deeds, §891; Tiedman Real Prop. §615.

There seems to be nothing opposed to this doctrine. *Comstock* v. *Son*, 154 Mass. 389, 28 N. E. 296, is not. That was an action on the covenant of warranty in a deed of land from the

defendant to the plaintiff. The defendant claimed that the deed conveyed no title and was void because he had previously mortgaged the premises to the plaintiff. But the court said that a deed is not void simply because it fails to convey a good title. To the suggestion of mutual mistake the court said that the only mistake on the plaintiff's part was one into which he was led by the defendant's statement, and consisted in supposing that the defendant had not previously mortgaged to him; that the mistake went only to motive, and that probably more would have to be shown to authorize a rescission even in favor of the plaintiff.

*Judgment affirmed and cause remanded.*