## Lewis Davenport, Appellant, v. George W. Roberts et al., Appellees.

1. JUDGMENTS—*when question of title is res adjudicata.* Where the grantee in a deed takes possession of land, claiming to own it under the deed, and the grantor obtains a judgment in ejectment for the possession of the same, the question whether such land was conveyed by the deed cannot be again adjudicated between the same parties in an action, by the grantee, of covenant upon the warranty deed.

2. COVENANTS—*nature of covenant of seizin.* A covenant of seizin in a deed only extends to a title existing in a third party which may defeat the estate granted the covenantee and does not embrace a title that is vested at the time in the covenantee; he is estopped from setting up such title against the covenantor.

Action of covenant on a warranty deed. Appeal from the Circuit Court of Mason county; the Hon. GUY R. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

BLINN & COVEY, for appellant.

LYMAN LACEY, JR., for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action of covenant upon a warranty deed executed May 31, 1901, by George W. Roberts and

Sophie J. Roberts, appellees, to Lewis Davenport, appellant. The deed conveys twenty-eight acres off the north end of the northeast quarter of the southeast quarter in section thirty-five, township twenty-one, range seven, west of the Third Principal Meridian, containing twenty-eight acres more or less, in Mason county. At the time this deed was executed the grantee was the owner and in possession of the twelve acres, of the same forty acre tract, lying immediately south of the tract conveyed by the deed of May 31, 1901. When the deed was made there was a hedge fence three rods north of the north line of the tract conveyed, which enclosed with the tract conveyed one and a half acres off the south side of the forty acre tract lying immediately north of it. When the deed was made, appellant took possession of all the land south of the hedge fence and claimed to own it under the deed. In 1909, appellees, who owned the land north of the land conveyed by the deed of May 31st, brought suit in ejectment against appellant and recovered a judgment for the possession of the acre and a half lying next south of the hedge fence mentioned. This suit seeks to recover from appellees the value of the land recovered from appellant in the ejectment suit. It is manifest that the claim that appellees sold to appellant all the land south of the hedge, was litigated in the ejectment suit or that the prosecution of that suit should have been enjoined; it cannot be again adjudicated between the same parties.

The evidence shows that appellant is the owner and in possession of all the northeast quarter of the southeast quarter of section thirty-five. A covenant of seizin only extends to a title existing in a third party, which may defeat the estate granted by the covenantors. It does not embrace a title that is vested at the time in the covenantee; he is estopped from setting up such title against the covenantor. Smiley v. Fries, 104

Ill. 416; Furness v. Williams, 11 Ill. 229; Beebe v. Swartout, 3 Gilm. 162. There being no breach of the covenants in the warranty deed in question, the court properly directed a verdict and rendered judgment in favor of the appellees.

The judgment is affirmed.

*Affirmed.*