GEORGE W. YOUNG et ux. v. J. T. BRANNAN et ux.

Middle Section.   February 19, 1927.

Petition for Certiorari denied by Supreme Court, June 11, 1927.

1. **Covenants.  Covenant of warranty is broken only upon eviction.**
   A covenant of general warranty, being prospective in its nature, is broken only by an eviction under a paramount title existing at the time of the conveyance, or what in contemplation of law is equivalent to an eviction.

2. **Covenants.  Pleading.  Eviction must be pleaded and proved in action on covenant of warranty.**
   In a suit on covenants of warranty of title eviction must be alleged and proved.

3. **Covenants.  An immediate action arises upon the breach of a covenant of seisin.**
   A covenant of seisin is an assurance to the vendee that the vendor has the very estate, in quantity and quality which he purports to convey. It is a personal covenant in presenti, and, if not true, is breached the instant it is made, and an immediate right of action accrues to the vendee for its breach without and before eviction.

4. **Covenants.  The covenant of seisin does not embrace a title that may be already in the grantee.**
   Where at the time of the conveyance, the purchaser has, already vested in himself, the valid title to the premises, he is estopped by his acceptance of the conveyance, from suing on the covenants it contains, for they only extend to a title existing in a third person, which may defeat the estate granted by the covenantor—they do not embrace a title already

(1)

vested in him, and it never can be permitted in a person to accept a deed with covenants of seisin and then turn around upon his grantor, and allege that his covenant is broken, for that at the time he accepted the deed, he himself was seized of the premises.

**5. Fraud. Fraud must be pleaded and proved.**
    In the absence of a showing to the contrary it is presumed that parties have dealt honestly and in good faith and fraud must be both alleged and proved in order to justify relief on that ground.

**6. Fraud. Pleading. A general charge of fraud is insufficient.**
    A court will pay no attention to general charges of fraud, misrepresentation, concealment, deceit and imposition unless accompanied by details and particulars thereof.

Appeal from Chancery Court of Grundy County; Hon. T. L. Stewart, Chancellor.

Affirmed.

Sam C. Tigert, of Fayetteville, and Jeff D. Fults, of Tracy City, for appellants.

J. W. Holman, of Fayetteville, for appellees.

FAW, P. J.    The original bill in this case was filed in the chancery court at Tracy City, in Grundy county, on August 29, 1923, by George W. Young and his wife, Maggie Young against J. T. Brannan and his wife, Mary Brannan.

On final hearing, the Chancellor, by decree entered August 6, 1925, dismissed the bill, at the cost of complainants and the sureties on their cost bond, and from that decree the complainants prayed, obtained and perfected an appeal to this court and have assigned errors here.

By their bill the complainants seek to recover the amount of an alleged overpayment to defendants of $71, with interest, on the purchase-price of a tract of 126 acres of land in Lincoln county, Tennessee, sold and conveyed to them by defendants on September 15, 1913, which overpayment, it is alleged, was made by complainants to defendants through mistake.

Complainants also seek to recover $112.50, with interest, upon the covenants of warranty and seisin in a deed made by defendants to complainants on October 28, 1918, which deed purported to convey to complainants a tract of land containing fifty-eight and one-fourth acres, for a cash consideration of $936.95.    The deed contained a particular description of the land by metes and bounds, and the tract thus described contained fifty-eight and one-fourth acres, but it is, in substance, alleged in the bill that the land bought from defendants by complainants on October 28, 1918, adjoined the aforesaid 126-acre tract conveyed to complainants on September 15, 1913, and that the description in the deed of October 28, 1918, included ''a little over seven acres'' of the said 126-acre tract which complain-

ants then owned and held under the former deed of September 15, 1913.

The defendants answered the bill and the case was thereafter heard upon the pleadings and proofs submitted on behalf of the parties, respectively, whereupon the Chancellor dismissed the bill as before stated.

The first assignment of error is that "the court was in error in refusing to render judgment against the defendant and in favor of complainant for a breach of defendant's warranty in his deed to the fifty-eight and one-fourth acres, within the boundaries of which there were included six and one-fourth acres to which the defendant had no title to and for which he collected $16.66⅔ per acre, amounting to $104.12⅔ with interest since December 19, 1918, and for which judgment should have been rendered for complainant, $133.80, to August 29, 1918."

It appears that the tract described in the deed of October 28, 1918, contains fifty-eight and one-fourth acres, but that it overlaps and includes six and one-fourth acres of the 126-acre tract acquired by complainants from defendants on September 15, 1913, and which was still owned by complainants, and was in their possession, at the time of the execution and delivery of the deed of October 28, 1918.

It is obvious that complainants have no right of action against the defendants upon the covenant of warranty of title in the deed of October 28, 1918, for the reason that their title to the parcel of six and one-fourth acres in question, and their possession thereof, are undisturbed.

"A covenant of general warranty, being prospective in its nature, is broken only by an eviction under a paramount title existing at the time of the conveyance, or what in contemplation of law is equivalent to an eviction." 7 R. C. L., p. 1147, par. 60.

"If there be only covenants of warranty of title, these cannot be sued on without alleging and proving actual eviction." Robinson v. Bierce, 102 Tenn., 428, 431, 52 S. W., 992.

But "a covenant of seisin is an assurance to the vendee that the vendor has the very estate, in quantity and quality, which he purports to convey. It is a personal covenant in presenti, and, if not true, is breached the instant it is made, and an immediate right of action accrues to the vendee for its breach, without and before eviction." Curtis v. Brannon, 98 Tenn., 153, 156, 38 S. W., 1073.

However, the covenant of seisin "does not embrace a title that may be already in the grantee." 7 R. C. L., p. 1131.

In Rawle on Covenants, at pages 461-462, it is said:

"It has, however, been held that where, at the time of the conveyance, the purchaser has, already vested in himself, the valid title to the premises, he is estopped by his acceptance of the conveyance,

from suing on the covenants it contains, for 'they only extend to a title existing in a third person, which may defeat the estate granted by the covenantor—they do not embrace a title already vested in him, and it never can be permitted in a person to accept a deed with covenants of seisin, and then turn round upon his grantor, and allege that his covenant is broken, for that, at the time he accepted the deed, he himself was seized of the premises.' ''

In support of the text last above quoted the author cites Fitch v. Baldwin, 17 Johnson, 166; Beebe v. Swartwout, 3 Gilman, (Ill.), 179; Furness v. Williams, 11 Ill., 229.

''If the grantee is himself seized, he will be estopped from setting up his seisin in an action for the breach of the covenant of seisin.'' Tiedeman on Real Property (Enlarged Edition, 1892), sec. 851.

''It seems to be the rule that a person who has accepted a deed containing a covenant on the part of the grantor, cannot turn round upon the grantor and allege that the covenant is broken by reason of the fact that at the time of the acceptance of the deed the grantee himself was seized of the premises.'' 11 A. & E. Ency. of Law (2 Ed.), p. 442.

See, also, Eames v. Armstrong, 148 N. C., 1, 59 S. E., 165, 125 Am. St. R., 436, and Note to that case in 125 Am. St. R., at page 445.

In Eames v. Armstrong, supra, the court quoted with approval from the case of Furness v. Williams, 11 Ill., 229, as follows:

''It is attempted on the part of defendant to establish a breach of the covenant by proving that he was himself seized, instead of his grantor. The law does not allow this to be done. The covenant of seisin extends only to a title existing in a third person. It does not embrace a title that may be already in the grantee. The grantee is estopped from setting up the title previously acquired against his vendor.''

In 2 Devlin on Real Estate (3 Ed.), sec. 891, it is said that advantage cannot be taken of the covenant of seisin, ''when the grantee is himself seized of the premises.''

We have found no authorities conflicting with those above cited, with reference to the rule stated, and the application of that rule to the facts of this case precludes a recovery for complainants on the covenant of seisin in the deed of October 28, 1918. The first assignment of error is therefore overruled.

In view of some discussion between counsel as to the nature of that part of the suit brought by the bill in this case which relates to the purported conveyance of fifty-eight and one-fourth acres on October 28, 1918, we may add that we have not interpreted the bill as a suit to recover for a deficiency, or shortage, in the acreage of the tract conveyed as containing fifty-eight and one-fourth acres, but we have treated the bill, according to the insistence of complainants

solicitor, as a bill to recover on the covenants in the deed. The tract which the deed purported to convey contains fifty-eight and one-fourth acres (the acreage stated therein), and an action for a deficiency in acreage, such as Young v. Weakley, 144 Tenn., 360, 232 S. W., 949, and that line of cases, would not lie in a case such as we have here.

The second assignment of error is that "the court was in error in refusing to render judgment for complainant and against the defendants for the collection of an overcharge or extortion in the renewal of and collection of the three land notes, converted into two notes secured by a deed of trust for $910, and which overcharge, principal and interest, amounted to $95.13 at the date of filing the bill, August 29, 1923, and for which, with interest, judgment should have been rendered."

In response to that part of the bill whereby complainants seek to recover for the alleged overpayment on the purchase-price of the 126-acre tract of land conveyed to them by defendants on September 15, 1913, the defendants denied that there was such an overpayment, and further pleaded that there had been a full settlement of all matters in controversy between defendants and complainants growing out of the sale by defendants to complainants of the 126-acre tract of land, and that in consideration of the payment of $150 by defendants to complainants the complainants had released defendants of any and all claims on their part for the alleged overpayment which they attempt to set up by the bill in this case. The Chancellor sustained the contention of defendants that the claim of complainants for an overpayment, as presented by the bill, was fully settled and discharged on December 18, 1918, and we think the record sustains the finding of the Chancellor in that respect. It is true that the written release executed on December 18, 1918, had more especial reference to the settlement of certain claims of complainants against defendants on account of the failure of title to some small strips or portions of the 126-acre tract, and was designed for registration because it affected the title to real estate; but we think that the parties understood that they were at the same time settling all matters of controversy growing out of the 126-acre purchase, and that they so intended. The second assignment of error is overruled.

The third assignment is that "the court was in error in dismissing complainant's bill and taxing them with the costs."

And the fourth (and last) assignment is that "the court was in error in its various findings of facts and holdings of law, in each and every particular, and to which reference is here had to the whole four pages. Vols. 2, 109, 10, 11, 12."

The third and fourth assignments are not sufficiently specific and definite to constitute valid assignments of error under the rules of

this court (1 Tenn. App. R., Appendix, p. 3) or the rules of the Supreme Court (126 Tenn., p. 722). See Denton v. Woods, 86 Tenn., 37, 5 S. W., 489; Wood v. Frazier, 86 Tenn., 500, 8 S. W., 148; 2 R. C. L., p. 159.

However, the questions considered and determined under the first and second assignments of error are conclusive of the entire case as presented by the complainants' bill, and the fact that the third and fourth assignments of error do not conform to the rules has worked no harm to the complainants.

It is argued in the brief for complainants that the defendant J. T. Brannan was guilty of fraudulent conduct to the prejudice of complainants in the transactions involved in this suit; but we have necessarily disregarded this argument for the reason that complainants make no charges of fraud in their bill. In the absence of a showing to the contrary, it is presumed that parties have dealt honestly and in good faith, and fraud must be both alleged and proved in order to justify relief on that ground. The law requires even more than general charges of fraud. Gibson's Suits in chancery (Rev. Ed.), sec. 142, subsec. 3. And "the court will pay no attention to general charges of fraud, misrepresentation, concealment, deceit, and imposition, when unaccompanied by the details and particulars thereof." Idem, sec. 934. In the present case there is not even a general charge of fraud in the bill.

It results that the decree of the chancery court dismissing the complainants' bill and taxing complainants and their sureties with the costs is affirmed. The costs of the appeal will be adjudged against the complainants and the sureties on their appeal bond.

Crownover and DeWitt, JJ., concur.