ALICE M. LOCKE *vs*. CHARLES H. SPAULDING, trustee, & others[1] (and six companion cases). September 18, 1987. *Deed*, Warranty of title. *Real Property*, Deed. *Condominiums*, Common area.

These are actions for return of the purchase money paid for certain parking spaces. The defendants are the developers of the Wellesley Green condominium project. The project was built with more parking spaces than units. One space was conveyed with each unit, and sixty-four additional spaces were conveyed in various of the unit deeds. After all the units were sold, eight parking spaces were left, and the defendants purported to convey seven of those spaces between 1973 and 1976 by quitclaim deeds to the various plaintiffs. In 1974, the Wellesley Green Condominium Association sued the defendants, seeking a declaration that it owned the spaces in question as parts of the common area and that the proceeds from the sale of the spaces belonged to it as common profits. A Superior Court judge ruled, in 1981, that the defendants had no power to convey parking spaces separate from unit deeds but that the association could not recover the proceeds from their sale. Three months later, the purchasers finally moved to intervene, under Mass.R.Civ.P. 24, 365 Mass. 769 (1974), and the motions were denied. The association, but not the purchasers, appealed, and the judgment was affirmed, in an unpublished decision. *Wellesley Green Condominium Assn.* v. *Spaulding*, 16 Mass. App. Ct. 1104 (1983).

The seven purchasers brought these actions in 1984 to recover the purchase prices paid for the parking spaces. The defendants answered that the six-year statute of limitations for contract actions, G. L. c. 260, § 2, had run. The judge granted summary judgment for the plaintiffs and entered final judgments which provided for interest to run on the purchase money from the dates of the deeds. The defendants have appealed.

---

[1] Charles R. Hefford and James A. Progin, who, together with Spaulding, are trustees of the Wellesley Green Trust.

The deeds had quitclaim covenants; the defendants as grantor thus warranted title "against the lawful claims and demands of all persons claiming by, through or under the grantor, but against none other." G. L. c. 183, §§ 11, 17. The statute of limitations for a suit on deed covenants is twenty years, since the deeds are under seal. G. L. c. 260, § 1. *Clark* v. *Swift*, 3 Met. 390, 395 (1841). *Bronson* v. *Coffin*, 108 Mass. 175, 188 (1871). Here the defendants had, in effect (and as decided in the earlier case), transferred the title to the eight remaining parking spaces to the association as common property at the time that they executed the final unit sale; the association's now vindicated claim of title is one through or under the defendants as grantors.

The plaintiffs enjoyed voidable title (see *Comstock* v. *Son*, 154 Mass. 389, 390-391 [1891]) until the association established its claim of paramount title by the judgment in the first action. On these facts, interest should run, not from the dates of the deeds but from the date of the final judgment in the first action. Compare *Gallison* v. *Downing*, 244 Mass. 33, 36 (1923). No one is arguing that it was incorrect to compute damages as of the dates of the deeds, and so we do not consider that issue.

The cases are remanded to the trial court for recomputation of interest. As amended by the recomputed interest, the judgments are affirmed.

*So ordered.*

*Robert E. Fast* for the defendants.
*Michael J. O'Neill* for the plaintiffs.