GEORGE B. GRAHAM

*v.*

THE PEOPLE *ex rel.* Mary Rutledge.

*Filed at Springfield October 2, 1884.*

1. COUNTY JUDGE—*when his duty to certify case to circuit court.* Where a county judge is interested, as an attorney for heirs of an intestate, in resisting the widow's award, he is incompetent to act as judge upon the question of allowing the sum awarded her by the appraisers, and it is made his duty by the statute to certify the question to the circuit court, for its action in the premises.

2. SAME—*mandamus to compel him to certify question to circuit court.* Where a county judge is interested in an estate of a deceased person, he has no discretion to exercise as to whether he will transfer the matter in dispute to the circuit court for adjudication, and his power is limited to the simple ministerial duty to cause the record and papers to be certified to that court in conformity with the statute, and *mandamus* lies to compel him to do so if he refuses.

3. SAME—*interchange of judges—statute construed.* The provision of section 1 of the act approved May 31, 1878, for the interchange of county judges of different counties, makes such interchange purely voluntary, and it may be made without any reference to the fact of the interest of the judge whose place is to be taken by the other judge. Such provision does not repeal or modify section 69 of chapter 3, and sections 179 and 180 of chapter 37, of the Revised Statutes.

4. Where a county judge was interested, as an attorney, only in a single question arising on exception to the estimate of the widow's award, it is made his duty by the statute to certify to the circuit court only the question in which he has such interest. In other respects the settlement of the estate may proceed before him.

5. COSTS—*Supreme Court—reversal in part.* Where this court affirmed in part a judgment in a *mandamus* suit, and reversed the same in part, this court directed that each party pay the costs of this court incurred by him.

APPEAL from the Appellate Court for the Third District;— heard in that court on writ of error to the Circuit Court of De Witt county; the Hon. LYMAN LACEY, Judge, presiding.

Mr. V. WARNER, for the appellant:

The respondent, before his election, was retained by all the heirs except one, to resist the approval, by the county court, of the inventory and report of the appraisers, including the estimate of the widow's award. He was disqualified from presiding at the hearing of matters wherein he was of counsel, but no further.

Section 69 of chapter 3, and sections 179 and 180, of chapter 37, of the Revised Statutes, provide for certifying to the circuit court where the county judge is interested or is a material witness; but the act of May 29, 1879, authorizes county judges to interchange and hold courts for each other, and this obviates the necessity of certifying to the circuit court, or at least makes it discretionary with the county judge. If he must certify when interested, no necessity could ever arise for an interchange of county judges.

The jurisdiction of the county court, rightfully acquired, will not be disturbed unless it is clear, in law and in fact, that it has been lost. 5 Wait's Actions and Defences, 253, sec. 5; *Worthington* v. *Jeffries*, L. R. 10 C. P. 377; 12 Eng. 440.

"Shall" means "may" when no right or benefit to any one depends upon the imperative use of the word. *Fowler* v. *Pirkins*, 77 Ill. 271; *Wheeler* v. *Chicago*, 24 id. 105.

The writ of *mandamus* ought not to issue in any case unless the party applying for it shall show a clear legal right to have the thing sought by it done, and in the manner and by the person or body sought to be coerced, and must be effectual as a remedy, if enforced, and it must be in the power of the party, and his duty, also, to do the act sought to be done. It is well settled that in a doubtful case the writ should not be awarded. It is never awarded unless the right of the relator is clear and undeniable, and the party sought to be coerced is bound to act. *People* v. *Hatch*, 33 Ill. 140.; *People*

v. *Commissioners,* 66 id. 339; *People* v. *Besse,* 93 id. 180; *People* v. *St. Clair County,* 85 id. 396; *People* v. *Railroad Co.* 55 id. 96; *Railway Co.* v. *County Clerk,* 74 id. 27.

Messrs. FULLER & MONSON, for the appellee:

As to the interest disqualifying a judge from acting, see Cooley's Const. Lim. 514, 516.

If the judge who renders judgment in a case has previously been attorney in the case, the judgment is a nullity. *Kearns* v. *Kearns,* 5 Coldw. 217.

Section 69 of chapter 3, and sections 179 and 180 of chapter 37, of the Revised Statutes, we think are mandatory, leaving no discretion in the judge, and gives the circuit court of the proper county full and complete jurisdiction in all matters of probate pending in the county court, wherein the judge is interested.

The act of May 29, 1879, giving a right of interchange, does not repeal or in any manner modify the sections above referred to. Note the language, "perform each other's duties." This does not enable a judge having no jurisdiction, to confer jurisdiction on another, and enable him to do what he could not do himself.

When a right to a change of venue is given by statute, the courts have no power to repeal, modify or mitigate the requirements of such statute. *Knickerbocker Ins. Co.* v. *Tolman,* 80 Ill. 106; *Johnson* v. *Von Kettler,* 66 id. 63; *Lowry* v. *Coster,* 91 id. 182; *Weyrich* v. *People,* 89 id. 95.

The statute allowing county judges to interchange with each other has nothing to do with a case where the judge is interested.

Where a duty is imposed by statute on a judge to do a specific act, *mandamus* will lie. *People ex rel.* v. *Power,* 25 Ill. 187; *People ex rel.* v. *Zane,* 105 id. 662; *People* v. *Williams,* 91 id. 87; *People* v. *Village of Crotty,* 93 id. 180.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The relatrix, as administratrix of the estate of her deceased husband, returned into the office of the county clerk an inventory, appraisement bill, and estimate by the appraisers of the value of the widow's award. The respondent, as attorney at law for all but one of the heirs at law, resisted the approval of these papers, and filed exceptions, in writing, thereto, and the county court, at its November term, 1882, entered an order approving the inventory and appraisement bill, but disapproving and setting aside the widow's award. At the November election, 1882, the respondent was elected county judge, and in due time qualified, and was commissioned as such. Subsequently, and after the respondent was so qualified and commissioned as county judge, the relatrix filed in the office of the county clerk an additional inventory and a second estimate by the appraisers, of the value of the widow's award. The respondent, as such attorney for the heirs at law, then also resisted the approval of the appraisement of the widow's award, and filed exceptions, in writing, thereto, and thereupon the relatrix made a written request and demand upon the respondent, that he, as county judge, enter upon the records of the county court an order reciting that he was interested, as an attorney, in the settlement of the estate, and that therefore the same should be certified to the circuit court of that county for settlement; but he refused to make such order, and instead, and of his own motion, ordered that the venue be changed, "for the hearing of exceptions to inventory and appraisers' estimate of widow's award," to another county judge, named to preside in that court, by the request of the respondent. The principal question to be determined is, whether this action of the respondent has any authority of law to sanction it.

It is provided by section 69, chapter 3, of the Revised Statutes of 1874, entitled "Administration of estates," that "in all cases or matters pending in the county court, where the judge of that court shall be interested in the same, or is a material and necessary witness, the case shall be transmitted to the circuit court of the proper county, and there determined, as in the county court; and the papers, with the order or judgment of the circuit court thereon, shall be duly certified, and filed in the county court, and have the same effect as if determined in the county court." And sections 179 and 180, of chapter 37, of the same statute, entitled "Courts," are as follows:

"Sec. 179. Whenever the county judge of any county is interested in the estate of any deceased person, and the letters testamentary or of administration shall be grantable in the county of such judge, such facts shall be entered upon the records of such court, and certified to the circuit court of such county: *Provided*, that in case the judge is interested only as a creditor, no change need be made except in relation to his claim.

"Sec. 180. Upon filing the copy of such certificate with the clerk of the circuit court, such court shall have full and complete jurisdiction in all matters pertaining to such estate, and may make all orders and take all proceedings therein which might have been made or taken in the county court if the judge thereof had not been interested."

These sections assume, rather than declare, the incompetency of the county judge to act in the contemplated states of case. At common law, no one can be a judge in his own cause. (Coke upon Littleton, sec. 212; Broom's Legal Maxims, (4th ed.) 109; Cooley's Const. Lim. 410, *et seq.*) The principle extends to the interest of an attorney at law in the suit of his client, and so here is provided a way by which, in the contingency contemplated, the case or proceed-

17—111 ILL.

ing shall be taken before a tribunal competent to adjudicate upon it.

But counsel contend that section 1 of an act approved May 31, 1879, renders it unnecessary, in cases like the present, to certify the papers in the estate, or relating to the question in controversy, to the circuit court, and authorizes the precise thing which he did. That section reads: "That the county judges of the several counties of this State, with like privileges as the judges of the circuit courts of this State, may interchange duties when they find it necessary or convenient." This, it will be observed, is purely voluntary, and the interchange may be made without any reference whatever to the interest, or want of interest, of the judge whose place is thus filled by another judge, in the cases or questions to be decided. Of course, if, before any necessity or opportunity for action by the court, here, on the questions in reference to which respondent was counsel, another judge, lawfully empowered to act, was present and presiding as judge, the case contemplated in section 179, of chapter 37, and section 69, of chapter 3, of the Revised Statutes of 1874, would have had no existence, for so long as such judge should be present and presiding in the court, he would be competent to decide the questions in which the judge of that court was interested. But that question is not before us. Here the judge who was interested as attorney was present and presiding. He was incompetent to act as judge upon the question in which he was interested as an attorney, and, under the statute, it was then his duty to certify the question to the circuit court. He was not authorized to wait and see whether he could get some other county judge to sit in his place. It is to be observed the section last quoted does not assume to repeal or modify the sections first quoted, and in our opinion it does not do so by implication. They can all exist together, without any incompatibility.

A final objection urged by counsel for respondent is, that *mandamus* does not lie in this kind of a case, and *The People ex rel.* v. *McRoberts*, 100 Ill. 458, is referred to in support of the position. The cases are essentially different. There the judge had to exercise judgment and discretion. The right to the change depended upon the sufficiency of the petition, and of this the judge was to determine. But here the interest of the judge is a matter knowledge of which exists in his own breast, and it renders him absolutely incompetent to act,— goes to the jurisdiction of the court. There is nothing for him to exercise judgment upon. The fact existing, his power is limited to the simple ministerial duty of causing the record and papers to be certified, in conformity with the statute. (Cooley's Const. Lim. *ubi supra.*) We are, however, of opinion that only the questions in which the respondent is interested as counsel, should be certified. In all other respects the settlement of the estate may proceed before him as well as another. An estate is not a single litigation. Its settlement may involve many distinct legal controversies, in some of which one attorney may be interested, and in others different attorneys,—and so far as is here perceived the interest of the respondent goes no further than the question of the widow's award.

The judgment below will therefore, so far as respects the widow's award, be affirmed, but so far as respects other matters relating to the settlement of the estate it will be reversed. The costs of each party in this court will be taxed against the party incurring them.

*Judgment reversed in part and in part affirmed.*