F. G. HENTIG v. FRANK J. THOMAS.

No. 338.

1. JUDGE PRO TEM.—*Jurisdiction of—Adjudging Tax Lien.* A judge *pro tem.* who is legally qualified to try an action for the recovery of real estate under a tax deed has jurisdiction, after declaring the tax deed void or voidable, to proceed under paragraph 6996, General Statutes of 1889, and adjudge the successful claimant to pay to the holder of said tax deed the amount provided for in said paragraph.

2. TAX DEED—*Computation of Interest—Law of 1893.* In such proceedings, it is error to compute the interest on the sum due at the date of the tax deed and taxes subsequently paid at the rate of twenty per cent. per annum, where the tax deed was executed after said paragraph 6996 had been amended by chapter 110, Laws of 1893.

Error from Shawnee district court; L. A. STEBBINS, judge *pro tem.* Opinion filed May 4, 1898. Modified.

*F. G. Hentig,* for plaintiff in error.

*S. B. Isenhart,* for defendant in error.

The opinion of the court was delivered by

WELLS, J. : This action was brought in the court below by the defendant in error to recover the possession of certain real estate claimed by him under a tax deed. The judge of the district court being disqualified, it was tried, by consent, before a judge *pro tem.* The tax deed under which the plaintiff claimed was adjudged voidable, and judgment rendered for the defendant. Thereupon the plaintiff moved for an accounting, and judgment for the taxes paid under paragraph 6996, General Statutes of 1889. Later, an accounting was had, over the objection of the defendant, and the plaintiff was adjudged to have a lien on the real estate in controversy for taxes, assessments, interest, costs and penalties paid by him, in the sum of

$725. This was excepted to by the defendant, and the matter was regularly brought here for review.

The first allegation of error is: "The judge *pro tem.* had no jurisdiction of the person or property of the defendant and no jurisdiction of the subject-matter of the action." It is admitted that the judge *pro tem.* had full authority to try the original action, but it is contended by the plaintiff in error that, when he had found the issues therein for the defendant and rendered judgment accordingly, his authority ceased. This is erroneous. Under paragraph 6996, General Statutes of 1889, it is the duty of the court, when the holder of a tax deed is defeated in an action for the recovery of the land sold, to adjudge the successful party to pay to the holder of the tax deed the full amount of all taxes paid on such land, with interest and costs as allowed by law, and subsequent taxes and interest; and until these matters are determined the trial is not complete.

The second assignment of error is: "The court erred in the admission of incompetent and irrelevant testimony, over the objection of the defendant." There is no attempt under this assignment to comply with the first requirement of subdivision "B" of rule 6 of this court. Besides, the only objections made to the evidence, appearing on the pages cited by the plaintiff in error, were without merit and were properly overruled.

The third allegation of error is: "That the judgment is excessive and not according to law." This allegation raises the question as to the proper construction to be given to paragraph 6996, General Statutes of 1889, as amended by section 6, chapter 110, Laws of 1893.

The court below computed the interest on the amount

Hentig v. Thomas.

due when the tax deed was made, and on subsequent payments thereunder, at the rate of twenty per cent. per annum, as provided in paragraph 6996, General Statutes of 1889, although at the date of the tax deed said section had been amended by section 6, chapter 110, Laws of 1893, reducing the amount of interest in such cases to twelve per cent. per annum. The court evidently sustained the view of the defendant in error, that said amendment did not apply in this case on account of paragraph 7010, General Statutes of 1889, which provides that "all matters relative to the sale and conveyance of lands for taxes under any prior statute shall be fully completed according to the laws under which they originated, the same as if such laws remained in force." We do not think this decision, or the reasoning of the defendant in error, is sound, as this is not a matter relative to the sale and conveyance of lands for taxes, but is a specific relief given to the purchaser in cases where the sale and conveyance prove ineffectual to transfer the title. Therefore, said paragraph 6996, as amended by section 6, chapter 110, Laws of 1893, must govern.

The basis of computation upon which the judgment of the court below was founded fully appears in the record, and the judgment can be modified to correspond with the views herein expressed by reducing the judgment in the amount of four-tenths of the interest included therein. A new trial is unnecessary.

The judgment of the court below will be reduced $27.12, making the amount of the judgment herein the sum of $697.88, which judgment, with all costs in the court below, is affirmed. The costs in this court are divided equally between the parties hereto.