LYDIA L. ROBERSON

*v.*

JULIA TIPPIE *et al.*

*Opinion filed April 20, 1904.*

1. HOMESTEAD—*homestead estate is an estate in land.* Under section 4 of the Exemptions act the homestead estate is an estate in land and not merely an exemption, and when the interest of the householder does not exceed $1000 in value the homestead estate comprises his entire title, leaving no interest to which liens can attach or which he can convey separately.

2. SAME—*homestead estate is based upon title of the householder.* The estate of homestead can have no separate existence independent of the title of the householder, which title constitutes one of its essential elements and from which it is inseparable.

3. SAME—*descent of homestead estate.* Upon the death of the householder the homestead estate devolves upon the surviving wife or husband for life and upon the children of the householder during the minority of the youngest child, and the heirs-at-law take a reversionary interest only, expectant upon the termination of the estate of homestead.

4. SAME—*act requiring a release of homestead applies to deeds between husband and wife.* Section 4 of the Exemptions act, requiring a conveyance of homestead to be in writing, signed by the householder and his wife, applies to deeds made between husband and wife.

5. SAME—*deed of homestead by husband to wife is a nullity unless she joins therein.* A conveyance of homestead property not worth over $1000, from husband to wife, she not joining therein and acknowledging the same as required by statute, is a nullity and passes no title whatever.

6. SAME—*when the consideration paid is not a lien on homestead estate.* The amount paid by the wife as consideration for a conveyance of the homestead property to her by her husband, in which she did not join, is not a lien, in law or in equity, upon the land, if property was not worth over $1000.

APPEAL from the Circuit Court of Franklin county; the Hon. P. A. PEARCE, Judge, presiding.

C. H. LAYMAN, for appellant.

W. H. HART, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On March 27, 1903, appellant filed her bill against appellees, who are the children and heirs-at-law of Levi Y. Roberson, deceased, to enforce the specific performance of a contract. The allegations of the bill are as follows: On September 29, 1889, the appellant, at the age of twenty-nine years, was married to Levi Y. Roberson, who was then sixty-one years of age. Each had been previously married and eight children had been born to the said Levi by his former wife, all of whom had reached their majority and left home before his marriage with appellant. The appellant had one child by her former marriage, and subsequently there was born to her and the said Levi Y. Roberson a child, which is still living. At the date of the marriage of appellant and Roberson he was the owner of certain real estate described in the bill, which was at that time his homestead and continued to be the homestead of appellant and the said Levi Y. Roberson to the date of his death, and since that time has continued to be the homestead of appellant. After the birth of their child the said Roberson, on January 5, 1892, for a consideration of $500 paid by appellant, executed a warranty deed to her for said homestead and put her in possession thereof, and she has continued in such possession since that date, paying all taxes thereon, and has made valuable improvements thereon. By the omission of appellant, who was then the wife of the said Levi Y. Roberson, to sign said deed, the same was inoperative to pass the legal title to the land, but the equitable title thereto, by virtue of said deed, was in appellant. The said Levi Y. Roberson died January 25, 1903, and left appellant, his widow, and the appellees, his children and grandchildren, surviving him, as his only heirs-at-law. The bill prays that appellant be vested with the title to said real estate, with a prayer for general relief.

A demurrer was filed to the bill, and the same was sustained by the chancellor. The bill was then amended

by adding the following allegations: That "the $500 paid by appellant for said land was used by the said Levi Roberson in repairs and planting an orchard on said land and otherwise improving it, and in equity appellant was entitled to be reimbursed and to have an equitable lien on said land for the same; that at the time said Levi Roberson made said deed he was not indebted to any person, and said sale was free from fraud or circumvention of all kinds; that in case specific performance can not be decreed, the court find the amount paid by appellant, and that a lien be decreed to exist in her favor against said lands for the same, and if not paid, that the land be sold to pay the same." To this bill, as amended, a demurrer was sustained and the amended bill dismissed for want of equity at the cost of appellant, and from that order she appeals.

The one question presented for our decision is the correctness of the ruling of the chancellor sustaining the demurrer and dismissing the bill, which involves the construction to be placed upon section 4 of chapter 52, entitled "Exemptions." (2 Starr & Cur. Stat. p. 1874.) That section provides, in substance, that no release, waiver or conveyance of the homestead estate shall be valid unless the same is in writing, subscribed by the householder, and his or her husband or wife, etc. It went into force and effect July 1, 1873, and we have held that prior to this act the right of homestead was a mere exemption, and when the householder in whom the exemption existed, conveyed without the formal waiver of homestead, the effect was to transfer his title to the land, but so far as it affected the homestead right the operation of the deed was suspended until the exemption was extinguished. But by the act of 1873 the householder became vested with an estate in the land, measured and defined by the value, and not by the extent or quality, of his interest in the land or lot, and when the interest of the householder in the premises, whether in fee, for life

or for years, does not exceed $1000 in value, the home-
stead estate comprises and embraces his entire title and
interest, leaving no separate interest in him to which
liens can attach or which he can alien distinct from the
estate of homestead. The estate of homestead thus cre-
ated is based upon the title of the householder, and can
have no separate existence independently from the title,
which constitutes one of its essential elements and from
which it is inseparable. Upon the death of the house-
holder, in whom the estate of homestead is primarily
vested, the estate, by operation of law, devolves upon
the surviving husband or wife for his life or her life, and
upon the children of the household during the minority
of the youngest, and the heirs-at-law take a reversionary
interest only, expectant upon the termination of the es-
tate for life and for years, created by the statute. The
statute, which declares that no conveyance of the home-
stead shall be valid unless the same is in writing, sub-
scribed by the householder and his wife, applies to deeds
made by husbands to their wives, and therefore a con-
veyance of the homestead not exceeding in value $1000
by a householder to his wife, she not joining therein and
acknowledging the same as required by the statute, is
absolutely void and passes no title whatever. (*Kitterlin*
v. *Milwaukee Mechanics' Mutual Ins. Co.* 134 Ill. 647; *Ander-
son* v. *Smith,* 159 id. 93; *Dinsmoor* v. *Rowse,* 200 id. 555.)
By this bill it is shown that the homestead estate here
involved did not exceed in value $1000 when attempted
to be conveyed. The deed to appellant was therefore a
nullity, conveying no title or interest in the premises,
and at the date of her husband's death the fee simple
title therein vested immediately in his heirs, subject only
to her right of homestead and dower. This being so,
she could have no claim or lien upon the property for
the $500 invested therein, either in law or in equity. It
cannot be seriously contended that the allegations of the
bill are sufficient to entitle her to the specific perform-

ance of a contract or to authorize a decree declaring her the equitable owner of the land. Her right to recover the amount paid for the homestead may be a subsisting valid claim against her husband's estate, but that question is not involved in this action.

We entertain no doubt that the demurrer to the amended bill was properly sustained, and the order dismissing the same for want of equity, at complainant's cost, must be affirmed.                *Decree affirmed.*