## Lydia L. Roberson, Administratrix, v. Julia Tippie et al.

1. CHANGE OF VENUE—*when effected by operation of law.* Where it appears that the county judge was interested as a material witness in an application to sell real estate to pay the debts of a decedent, the statute is imperative that the case be transferred to the Circuit Court and there determined, and such transfer is deemed to have been made by operation of law.

2. CHANGE OF VENUE—*when statute relating to costs and limitation of one change, does not apply.* This statute does not apply where the change of venue has been effected by operation of law, as appears in the first paragraph of syllabus.

Petition to sell real estate to pay debts of decedent. Error to the Circuit Court of Franklin County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the August term, 1905. Affirmed. Opinion filed March 22, 1906.

C. H. LAYMAN and THOMAS J. LAYMAN, for plaintiff in error.

WILLIAM C. BLAIR and WILLIAM H. HART, for defendants in error.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This was a proceeding commenced in the County Court of Franklin County, August term, 1904, by Lydia L. Roberson, administratrix of the estate of Levi Y. Roberson, deceased, against Julia Tippie et al., children and heirs at law of said deceased, to sell lands to pay debts. Upon change of venue to the Circuit Court the case was heard on petition and answer under a stipulation waiving jury and further written pleading.

By answer filed defendants admit the allegation of the petition respecting the death of L. Y. Roberson, the title and ownership of the land described, the names and interest of surviving heirs, but deny indebtedness exceeding personal estate, and that the real estate could or should be sold. The defendants also pleaded the Statute of Limitations and former adjudication to the claim of Lydia L. Roberson, allowed by the County Court for the sum of $900.34. Upon hearing in the Circuit Court, the petition was dismissed at the cost of petitioner, by whom the record is brought to this court for review on writ of error. The first five assignments of error relate to proceedings in the County Court, which culminated in a change of venue and transfer of the case to the Circuit Court. When it was made to appear by affidavit or otherwise that the county judge was interested as a material witness in the case, the statute is imperative that the case shall be transferred to the Circuit Court and there determined. The venue, or rather the jurisdiction, was changed by operation of law, and thereafter only the Circuit Court could hear and adjudicate the matter in controversy. It was the duty of the County Court to certify the case to the Circuit Court, and it was not competent for it to enter any other order, after the motion filed by the guardian *ad litem* and his affidavit in support of the same. Rev. Stat., sec. 69, chap. 3. Graham v. People ex rel., 111 Ill. 253. The provisions of the chapter 146, relating to costs and limit of right in party to but one change of venue, have no bearing upon the questions in this case. As it appears from the record, the purpose of this proceeding is to subject the interest of heirs in homestead property to the payment of the claim of $900.34 allowed by the County Court to Lydia L. Roberson, the widow and administratrix. This claim is contested by defendants in error on the ground that it is and was, at the time it was filed, barred by the Statute of Limitations. On January 5, 1892, Levi Y. Roberson, for a consideration of $500 paid by his wife, the petitioner, executed a warranty deed to her for the homestead property described in the petition, and

put her in possession thereof. She continued in possession with her husband, occupying the said premises as a home-stead until his death January 25, 1903, and since then continued in possession under her own right as homestead occupant. After the death of her husband petitioner filed her bill in the Circuit Court against the heirs to compel a specific performance of the deed and have the title to the land declared in her, or in the alternative, that a lien on the premises for the consideration paid be decreed in her favor. The relief prayed for was denied by the Circuit Court and the decree affirmed by the Supreme Court on appeal by petitioner. Roberson v. Tippie, et al., 209 Ill. 38. In that case it was decided not only that the deed was absolutely void and conveyed no title or interest in the land held by the grantor, but in effect, that the land in question, being a homestead, could not be subjected to the payment of the petitioner's claim. The reason given for denial of the prayer that this claim be made a lien upon the land, under the circumstances set out in the bill, was to hold in effect, that the land could not be sold for the payment of the claim if established. Without regard to the merits of the claim, we are of opinion that the land may not be sold in this proceeding. It was the homestead of Levi Y. Roberson at the time of his death, and since that time it has been the homestead of petitioner. Where the homestead premises do not exceed in value $1,000 there can be no sale of the property on execution or decree for payment of debts or other purposes,—and this exemption, on the death of the householder, is continued in force as to the widow and children, precisely as held by him. Hartman et al. v. Schultz, 101 Ill. 437. As it appears from the evidence that the property was a homestead and no evidence that its value exceeded $1,000, the petition was rightly dismissed, irrespective of the indebtedness of the estate.

The claim of $900.34 was barred by the Statute of Limitations at the time it was filed in the County Court, and the plea that should have been interposed by the adminis-

trator *pro tem.* could properly and legally be filed by the defendants in a proceeding to sell the real estate. The claim is for money paid January 5, 1892, as the purchase price of the land in controversy and interest thereon, together with costs incurred by proceedings in the Circuit Court in Roberson v. Tippie, *supra*. The claim was filed June 20, 1904, twelve years after the debt accrued, and whether an open account or founded on written contract it was completely barred by the statute. The contention of plaintiff that it should be treated as damages for breach of warranty contained in the deed is untenable. If breach were assigned upon the covenant that the grantor "is lawfully seized of the fee and has good right to convey the same," the covenant was broken and the right of action accrued when the deed was executed, and from that time the statute will run. Furness v. Williams, 11 Ill. 229, cited by plaintiff. If, however, reliance is had upon the ordinary covenant of general warranty of title and the other usual covenants contained in the deed from Levi Y. Roberson, the covenant is said to run with the land and no right to an action by the grantee arises until eviction occurs. The mere existence of a paramount title in another is not, of itself, sufficient to constitute a breach of the covenant. Scott v. Kirkendall et al., 88 Ill. 465. In the case at bar it is claimed by petitioner that she was given possession under the deed, and there is no proof of an eviction or its equivalent. Her claim, if she has any, against the heirs for breach of warranty has not matured, nor will it ever mature until she suffers an eviction or what may be held in law equivalent to an eviction. Under the evidence this claim should not have been allowed and was therefore no charge upon the estate. Without this claim the evidence was not sufficient to establish indebtedness in excess of assets so as to authorize the sale of real estate, even if the real estate sought to be sold were available for that purpose. The decree of the Circuit Court will be affirmed.

*Affirmed.*