State ex rel. Nichols et al. v. Johnson, County Judge.

STATE *ex rel.* NICHOLS *et al.* v. JOHNSON, *County Judge.*

No. 5848.    Opinion Filed March 17, 1914.

(139 Pac. 699.)

**JUDGES—County Judge—Probate of Will—Bias and Prejudice—Disqualification.** Where, in the administration of an estate of a deceased person the judge of the county court is biased and prejudiced against the proponents of an alleged lost will of the deceased person and against their claim to have same probated, although such prejudice and bias is sufficient to disqualify such judge to hear and determine the proceeding for probating the will, that fact alone, in the absence of any showing that the proponents of the alleged lost will have any other interest in the estate than such as they have by virtue of the alleged lost will, does not disqualify the judge to hear and determine other questions and proceedings in the administration of the estate, disconnected with the proceeding to probate the will.

(Syllabus by the Court.)

Original action for writ of mandamus by the State on relation of Charles Nichols and others against Hal Johnson, judge of the county court of Pottawatomie county, to compel him to certify his disqualification to preside in the matter of the estate of Enos Nichols, deceased.    Writ denied.

*H. H. Smith, Baldwin & Carleton,* and *W. T. Williams,* for relators.

*F. H. Riley* and *John Embry,* for respondent.

HAYES, C. J.    This is an original application in this court for writ of mandamus to the Hon. Hal Johnson, judge of the county court of Pottawatomie county, to compel him to certify his disqualifications to preside as judge in the matter of the estate of Enos Nichols, deceased, and in the matter of the probating of said Enos Nichols' alleged lost will.    After response to the alternative writ by respondent, a referee was appointed to hear the evidence and report his findings of fact upon the question whether respondent is disqualified to sit as judge in the further proceeding of said cause or causes.    After a full hearing

State ex rel. Nichols et al. v. Johnson, County Judge.

from both parties, the referee filed in this court his findings of fact, by which he finds that respondent is so biased and prejudiced against the relators who are the proponents of the alleged will of Enos Nichols,·deceased, and against their rights to have said will probated as to prevent relators from having a fair and impartial hearing before said respondent upon the matter of the probate of said will, and for that reason he is disqualified to sit as judge in the matter of probating the will. But he further finds that respondent is not so biased or prejudiced against relators that they cannot have a fair and impartial hearing in all other matters connected with the administration of the estate of Enos Nichols, deceased. Neither party takes any exception to the findings of fact made by the referee; and the evidence taken before the referee has not been transcribed and is therefore not before the court.

It is the contention of relators that the fact found by the referee, to wit, that respondent is biased and prejudiced in the proceeding to probate the alleged lost will of Enos Nichols, renders him disqualified in·all of the proceedings in the matter of the administration of the estate of said Enos Nichols. Counsel for respondent, on the other hand, concede respondent's disqualification to sit in the matter of probating the alleged will, but contend that the mere fact of his disqualification in that proceeding does not render respondent disqualified to sit in other matters connected with the administration of the estate. The source of respondent's bias and prejudice in the proceeding against the proponents or against their rights in the proceeding to probate the alleged lost will is not disclosed by the findings of the referee; and, as the evidence ·taken before the referee is not before the court, we are unable to know the source or cause of his prejudice and bias. The only fact before us relative thereto is, as found by the referee, that respondent is prejudiced and biased in the proceeding for the probate of the will, but not prejudiced in any other matters connected with the administration of the estate.

It is the contention of relators that every step in the administration of the estate, including the proceeding to probate the will, constitutes and is to be deemed one proceeding; and

that if a judge is disqualified to preside in any part of said proceeding, he is disqualified to preside in the entire proceeding. We find a scarcity of authorities upon this question. *Graham v. People ex rel. Rutledge,* 111 Ill. 253, 51 L. R. A. 82, 51 L. R. A. 107, notes, is the only case called to our attention, and the only case we have been able to find which seems to be in point. In that case the judge was interested as an attorney in a single question arising on an exception to the estimate of the widow's award. It was held that on account of his interest in that question it was his duty to certify such question to the circuit court, but that in all other respects he was qualified to preside in the settlement of the estate before him. This case appears to us to announce a sound rule. The administration of the estate of a deceased person often consists of many separate acts by the court, many of which are unrelated to the others, and an interest in one step or act of the general administration would have no bearing or influence upon the other steps or acts of such proceeding. To illustrate: Suppose the administration of an estate, where the estate is ample to pay all claims against it, and a large surplus remains for distribution among the heirs, and the brother of a judge should have a claim against the estate, which was contested. The judge, under such circumstances, would be disqualified to sit in the hearing on said claim; but would such fact disqualify him to sit in the matter of hearing of the other claims against which there were no contests?. While, as stated before, the evidence in the instant case is not before us, and we are not informed by a finding of the referee as to the source of respondent's prejudice or as to the interest of relators in the estate, other than such as they claim through the will, let us suppose that relators' only interest in this estate is such as is founded upon the alleged lost will. If, upon a hearing, it should be established that no such will ever existed, then relators would have no interest whatever in the estate; and to hold that because the court was prejudiced against their claim under the will and disqualified to sit in the proceeding to probate same would disqualify him to act in any part of the administration of said estate, would be to lay down a rule that would enable persons with-

out any claim whatever, by filing some proceeding in a probate matter, to disqualify the judge in an entire proceeding in which such false claimants had no interest.

As respondent now concedes his disqualification in the proceeding to probate the will, a writ of mandamus will not issue to compel him to certify such disqualification, unless it be shown to us subsequently that respondent refuses to certify his disqualification in that proceeding.

As to all other proceedings or questions in the administration of the estate, the facts before us do not authorize the issuance of a writ of mandamus to compel respondent to certify his disqualifications relative thereto; and the writ, as to such proceedings, is denied.

All the Justices concur.