STATE *ex rel.* VINSON *et al.* v. OUTCELT, *Judge, et al.*

No. 6268.    Opinion Filed September 22, 1914.

(143 Pac. 198.)

JUDGES—Special Judge—Probate Proceedings—Jurisdiction. Where, in the administration of an estate, the judge of the county court is disqualified to hear and determine proceedings to probate an alleged lost will of the deceased, and a special judge is appointed to try the issues involved in that proceeding, held, that said special judge was without jurisdiction to appoint an administrator of the estate of the deceased or to make any other order in the administration of the estate, disconnected with the proceeding to probate said will.

(Syllabus by the Court.)

Original action for a writ of prohibition by the State, on the relation of S. C. Vinson, administrator of the estate of Enos

Nichols, deceased, and another, against George Outcelt, Special Judge, and others. Writ granted.

*Fred H. Reiley* and *Embry & Hastings,* for relators.

*George Outcelt, per se.*

TURNER, J. This is an application for a temporary writ of prohibition. The question for us to determine, raised by demurrer, is whether the writ shall issue upon the facts stated in the petition. It appears therefrom that on December 21, 1911, one Enos Nichols died in Pottawatomie county, leaving a large estate therein; that later the county court. of that county appointed Alexander Fisher administrator of his estate, who qualified, gave bond, and took possession thereof; that later one Harriet Nichols Cook filed a petition in the county court alleging her relationship to deceased and that she was his sole heir, which she was by the court decreed to be upon notice to all concerned, and "that Enos Nichols died intestate"; that later she died, and J. Warren Davis duly qualified as her executor and gave bond and revived said proceeding in his name as such administrator; that on November 21, 1913, there was filed with the clerk of said court a petition by Mrs. C. M. Phebus and two others to probate an alleged lost will of said Nichols, and later a motion to disqualify the Honorable Hal Johnson, the judge of said court, to hear and determine the proceedings to probate the same; that failing so to do, as a result of a proper proceeding before us, he certified his disqualification as to that proceeding alone, and thereafter Hon. George Outcelt was selected as a special judge to hear and determine the same; that, pending said proceeding in this court, said Alexander Fisher, as administrator of said estate, resigned, whereupon S. C. Vinson was appointed administrator of said Harriet Nichols Cook, whereupon he qualified and gave bond as such, and, pursuant to an order of said court, there was turned over to him by said Fisher certain funds belonging to the estate of said Nichols. It further appears from the petition that the said Outcelt, as special judge so selected on April 10, 1914, upon application filed by Mrs. Phebus and others, in said court in the matter of the estate of Enos Nichols, deceased, without no-

tice, entered an order setting aside the appointment of Vinson, as administrator aforesaid, and appointed one G. W. Dickson as "special administrator" of said estate, and directed him to turn over to said Dickson the funds belonging thereto. It is alleged that said order is void because beyond his jurisdiction to make, and that said Outcelt, as special judge, is threatening to and will, unless prohibited, make other void orders for the control and management of said estate.

As we held in *State ex rel. Charles Nichols et al. v. Hal Johnson, Judge of the County Court of Pottawatomie County,* 40 Okla. 511, 139 Pac. 699, that, as to all matters before him touching the settlement of the Enos Nichols estate, except the matter of the probating of his alleged lost will, the defendant Hal Johnson, judge of said court, was qualified to preside, so we hold here that said Outcelt, as special judge, was without jurisdiction to make the order complained of or any order affecting the administration of said estate, except in said matter wherein said regular judge is disqualified. It follows that the order complained of is void, and that the writ must run prohibiting said Outcelt from making any further orders in the premises disconnected with the proceeding to probate said will. It is so ordered.

All the Justices concur.