### George C. Parks et al., Appellees, v. A. Ney Sessions et al., Appellants.

1. Venue—*sufficiency of petition for change of venue on ground of prejudice and adverse interest of county judge.* Where on proceedings to secure confirmation of an administrator's sale of real estate to pay debts the purchasers of certain of such lands filed a petition, supported by affidavit, asking a change of venue because of the alleged prejudice of the county judge, alleging that a fair trial was impossible because the judge was a stockholder in a corporation which was appearing as an objector to the confirmation of the sale, and that he received a salary from such corporation, the court should have allowed the petition.

2. Estates of decedents—*sufficiency of showing for transfer to circuit court.* Where on proceedings to secure confirmation of an administrator's sale of lands to pay debts the purchasers of lands at such sale, after the denial of their petition for a change of venue on the ground of prejudice of the county judge, petitioned for the transfer of the proceeding to the circuit court, alleging that said judge was a material witness as to matters touching objections to such confirmation and that he was interested therein in that he had a claim against the estate which had been allowed, it was mandatory upon the court to allow such transfer, in view of Cahill's St. ch. 3, ¶ 70.

Appeal by defendants from the County Court of Union county; the Hon. Ernest S. Alden, Judge, presiding. Heard in this court at the October term, 1925. Reversed and remanded with directions. Opinion filed February 17, 1926.

Russell E. Townsend and Charles E. Feirich, for appellants.

No appearance for appellees.

MR. JUSTICE BARRY delivered the opinion of the court.

In a proceeding by the administrator of the estate of Winstead D. Walton the county court of Union county entered an order for the sale of certain real estate owned by the deceased at the time of his death, to pay debts. The administrator advertised the premises for sale and at the sale appellants became the purchasers of certain tracts of land. The administrator filed his report, in the usual form, praying that the report be approved and that he be authorized to make, execute and deliver to the respective purchasers a deed for the premises so purchased by them respectively. Objections were filed to the report of sale. Appellants filed their petition, supported by affidavit, for a change of venue, because of the alleged prejudice of the county judge. The petition also averred that appellants could not expect a fair trial because of such prejudice and because of the further fact that the county judge is a stockholder in the Alden's Store Company, a corporation, one of the objectors to the approval of the sale, and that the said county judge draws a salary from said corporation. The court denied the petition and refused to grant a change of venue.

Appellants then filed another petition supported by affidavit asking the court to transfer the matter of the hearing on objections to said report of sale to the circuit court of Union county pursuant to the statute. This petition set up that the county judge was present during all the time the sale in question was in progress; that he heard and saw all that was said and done during the time and progress of said sale and that he is a material and necessary witness in the matter of the hearing upon the objections to the said report of sale; that the said county judge is interested in said proceedings in that he has a claim against the said estate which has been allowed. The petition sets up other reasons but it is not necessary to mention them.

Where the judge is a party or interested in the suit,

or his testimony is material to either of the parties to the suit, or he is related to or shall have been counsel for either party in regard to the matter in controversy, a change of venue may be awarded by the court in term time, with or without the application of either party. Callaghan's Ill. St. Ann. ch. 146, ¶ 1, clause 1.

In all cases or matters pending in the county court, where the judge of that court shall be interested in the same, or is a material and necessary witness, the case shall be transmitted to the circuit court of the proper county, and there determined as in the county court; and the papers, with the order or judgment of the circuit court thereon, shall be duly served and filed in the county court, and have the same effect as if determined in the county court. Callaghan's Ill. St. Ann. ch. 3, ¶ 70.

Where it appears that the county judge was interested as a material witness in an application to sell real estate to pay the debts of a decedent, the statute is imperative that the case be transferred to the circuit court and there determined, and such transfer is deemed to have been made by operation of law. *Roberson v. Tippie,* 126 Ill. App. 579. See also *Graham v. People,* 111 Ill. 253.

When the petition for a change of venue was presented the court should have allowed it, but, having failed to do so, when the second petition was presented the matter of the hearing of the objections to the administrator's report of sale should have been transmitted to the circuit court of Union county in accordance with the provisions of the statute. The order of the county court disapproving the sale is reversed and the cause remanded with directions to transmit the matter to the circuit court of Union county for a hearing upon the objections to the report of sale.

*Reversed and remanded with directions.*