No. 37,227

EUGENE ROSS PRICE, *Plaintiff,* v. D. W. GIBSON, *Defendant.* Walter Bolman, Margaret L. Pierce, Dorothy Raffety and Helen Pelling, Intervenors.

(192 P. 2d 219)

Opinion filed April 10, 1948.

*Charles Rooney,* of Topeka, argued the cause, and *Harry Crosswhite,* of Holton, and *Maurice O'Keefe,* of Atchison, were with him on the briefs for the plaintiff.

*L. B. Wilcox,* of Holton, argued the cause, and was on the briefs for the defendant.

*E. V. Bruce,* of Holton, argued the cause, and *Randal C. Harvey,* of Topeka, was with him on the briefs for the intervenors.

The opinion of the court was delivered by

SMITH, J.: This is an original action in mandamus wherein the plaintiff asks that we order the judge of the probate court of Jackson county, acting as clerk thereof, to perform what plaintiff alleges to be his duty by filing certain orders issued by a probate judge pro tem appointed by the clerk of the district court to hear and determine whether a will should be admitted to probate. The petition was filed by plaintiff, an answer by defendant on the return day of the writ and on permission granted by this court an intervening petition by interested parties was filed. The cause was advanced and set for final submission on the motion of plaintiff for judgment on the pleadings. As the cause was submitted there is no dispute about the facts.

The petition alleged the filing in the probate court of an application to admit a will to probate and that the probation was opposed on account of alleged lack of mental capacity in the testator; that the proponents of the will filed an affidavit with the clerk of the district court, pursuant to G. S. 1945 Supp. 59-203, stating the nature of the proceeding to be to admit a will to probate and asking for the appointment of a judge pro tem because they intended to use the judge as a witness, and he was, therefore, interested; that the clerk appointed a lawyer who proceeded to hear the matter, ordered the will admitted to probate and directed the plaintiff in this action be named executor to serve without bond and that letters testamentary be issued to him; that the judge pro tem provided in his order that he retained jurisdiction for the purpose of taxing costs and disposing of post-trial matters.

The petition then alleged the subscribing of his oath as executor by plaintiff, the signing of letters testamentary for plaintiff by the probate judge pro tem, the submitting to the probate judge by plaintiff of the inventory of the estate, all of which the probate judge acting as clerk of the probate court refused to file; that in due time the objectors to the probate of the will filed their appeal to the district court and such appeal was at the time this action was filed in the district court awaiting disposition; that defendant testified in the probate court for the proponents of the will and was a material witness for them and would be a material witness for them at the trial in the district court.

The petition then alleged that defendant gave as his reason for not filing the orders named that the judge pro tem's duties termi-

nated when he admitted the will to probate; the petition then alleged that the administration of the estate could not proceed until defendant performed his duties; that there were costs to pay and important steps in the administration of the estate to which plaintiff should be giving his attention and any order defendant would make in the estate while his disqualification continued would be void and the judge pro tem should continue to act as long as defendant's disqualification continued; that plaintiff as a matter of right was entitled to have the seal of the court placed upon the letters, and all papers properly submitted for filing to the court, such as the inventory and appraisement, should be accepted and filed of record.

The prayer was for a writ of mandamus ordering such action.

The defendant admitted all allegations as to the filing of the petition to probate a will, alleged that plaintiff had submitted to him without objection a motion to make the answer of the objectors more definite and certain; that the motion for appointment of a judge pro tem was presented to the clerk of the district court and acted upon by her without notice to either defendant in this action or to the objectors; that in accordance with the order, defendant notified the judge pro tem of his appointment; that the judge pro tem heard the evidence and made his order admitting the will to probate and such order had always been recognized by defendant as valid; that defendant was called at the hearing and testified for the proponents of the will as to the legal capacity of the testator; that defendant was not interested in and had not been counsel in the subject matter and had no interest in the estate except to perform his duties as probate judge.

The answer admitted that an appeal had been taken but stated if defendant should be called to testify in district court his testimony would be weighed by the district court. The answer then contained two paragraphs, as follows:

"X

"That after the time of the decision by the said judge pro tem on October 25, 1947, the plaintiff presented to defendant a form of letters testamentary in the said estate, signed by said judge pro tem, and requested the defendant to file and certify the same, and defendant refused to do so for the reason that defendant believed that the power of the judge pro tem had terminated upon the decision of the petition to probate the will; and that letters testamentary in said estate should be issued by the defendant as Probate Judge of said county and not by the judge pro tem.

"XI

"That defendant has been and is ready and willing to issue letters testamentary to the plaintiff and to certify the same at any time the plaintiff shall file his oath with the defendant as probate judge and upon the filing of bond if the defendant shall determine, for sufficient cause, that bond should be requested as provided in section 59-1104 of the Supplement to the General Statutes of Kansas. Defendant is familiar with the provisions of the will of Emma D. Ash, that no bond be required, and will issue letters testamentary to the plaintiff without the filing of bond unless sufficient cause be shown why such bond should be required; but up to the present time the plaintiff has not given the defendant any opportunity to issue such letters testamentary or to act on his own motion or upon the motion of any interested party to determine whether sufficient cause exists for requiring bond to be given."

The answer then set out some correspondence with the attorney general and ends with allegations as follows:

"XIV

"Defendant submits that a peremptory writ of mandamus should not be granted in this case, for the following reasons, to wit:

"(1) That the order issued by the Clerk of the District Court on September 5, 1947, was not intended to appoint a judge pro tem for any purpose except to hear and determine the petition for probate of a will, and that the issuance of letters testamentary and the determination of the sufficiency of oath and the necessity of bond were not a part of the duties of the judge pro tem or within his powers under said order.

"(2) That even if the Order issued by the clerk of the district court had been intended as a grant of general authority to the judge pro tem in the said estate, the said order would have been beyond the powers of the clerk of the district court, insofar as it attempted to confer such general authority upon the judge pro tem.

"(3) The power of the clerk of the district court under Section 59-203 was limited by the affidavit filed with the said clerk and only authorized the said clerk to appoint a judge pro tem for the hearing of matters in which the Probate Judge was shown to be interested. Even if it be assumed that the affidavit showed that the Probate Judge was interested (because the plaintiff wished to call him as a witness), the same showed on its face that such interest was limited to the controverted questions raised by the petition for probate of the will and the answers and defenses thereto, and such affidavit did not show or purport to show that the said judge was interested in the estate in any other manner or in any way disqualified to perform the ordinary duties of a probate judge, including the determination of the sufficiency of oath and the necessity and sufficiency of bond, or any other matters thereafter arising.

"(4) That under the Probate Code, Section 59-2204, the filing and determination of the petition for probate of will in a separate and distinct proceeding (as distinguished from the administration of the estate generally) and the use of the word 'proceedings' in the order of the clerk of the district court, refers only to the proceeding then pending for trial in said court (and in which

plaintiff desired to call defendant as a witness), which was the only proceeding referred to in the affidavit and the only proceeding in which the clerk of the district court had any power to appoint a judge pro tem.

"(5) That Section 50-203 would be unconstitutional and void, in violation of Section 8 of Article 3 of the constitution of Kansas, if it should be construed to permit the clerk of the district court, a mere ministerial officer, without notice or hearing, upon the filing of an exparte affidavit, stating only that one of the parties intended to call the probate judge as a witness (and without alleging that he was otherwise interested in the estate), to disqualify such judge and appoint a judge pro tem of his own choosing, not only to hear the controverted matter in which the judge is called as a witness, but to take over the entire administration of the estate; and the statute should not be construed to permit such practice."

The affidavit whereby the proponents of the will sought to obtain the appointment of a judge pro tem was attached to the answer. In it counsel stated that in a former proceeding defendant had appointed testator in this action executor of her husband's will; that in such proceeding testator testified before defendant and on account of these facts defendant was a material witness for the proponents of the will as to the mental qualifications of testator and by reason of his being an interested party, as set out, he was disqualified to serve as judge in the hearing of the petition to probate the will.

The objectors to the probation of the will on permission being granted filed an intervening petition in this action. In it they alleged that the objectors had appeared in probate court September 5 for the hearing; that on that day without notice to anyone the order appointing a probate judge pro tem was presented to defendant and the parties; that they had come from a long distance and subpoenaed a number of witnesses and since they had no personal objection to the person appointed judge pro tem proceeded to trial; that they agreed with plaintiff in this action that the judge pro tem should be paid $35 a day; that he had rendered a bill for $490; that they had thus recognized the authority of the judge pro tem to determine the petition for probate and were not questioning his authority but had not stipulated this authority should be extended beyond the decision on the petition to probate; that when the judge pro tem rendered his decision finding that the will should be admitted to probate he provided that the plaintiff should serve as executor without bond; that the question of whether or not he should serve without bond had been presented to the judge pro tem and intervenors had never had opportunity to show cause why he should be required to give bond; that they believed a bond should

be required and that letters testamentary should not be issued until they had been given such opportunity; that they had taken a timely appeal to the district court from the order admitting the will to probate; that the appeal bond had been approved by defendant as probate judge and had been certified to the district court by that judge; that the intervenors had a substantial interest in the early determination of the questions presented in the case in order that they might know whether they should present their appeal bond to the judge pro tem for approval and whether they should ask the probate judge or the judge pro tem for an order for plaintiff to furnish bond and such other matters as might arise during the pendency of their appeal and whether the judge pro tem should draw $35 a day for all acts performed after his decision. The intervening petition pleaded that the intervenors had no objection to the defendant continuing to act as probate judge in the administration of the estate on account of the fact that he testified in behalf of plaintiff on the hearing of the petition for probate or that he might be called as witness on the appeal, and intervenor alleged that the plaintiff could not be prejudiced in any way thereby. The intervening petition then set out that an actual controversy existed as to the various jurisdictional questions mentioned and the respective powers of the probate judge and the judge pro tem in which this court should render a declaratory judgment and asked that this court render a declaratory judgment on questions, as follows:

"1. Should the Probate Judge or the judge pro tem pass upon the question whether bond should be required, and give the intervenors opportunity to show cause why the same should be required, before the issuance of letters testamentary?

"2. Should the Probate Judge or the judge pro tem issue letters testamentary?

"3. Should the Probate Judge or the judge pro tem pass upon the sufficiency of the intervenors' appeal bond and certify the appeal to the district court?

"4. Should other matters arising in said estate after October 25, 1947, be submitted to the Probate Judge or the judge pro tem?

"5. Does the stipulation for the payment of $35.00 per day to the judge pro tem apply to any acts performed by him after October 25, 1947?"

With the issues thus made up the plaintiff filed a motion for judgment on the pleadings, the cause was advanced and submitted on the merits of that motion. Stated succinctly the situation is that without notice to anyone the proponents of a will caused the

clerk of the district court to appoint a judge pro tem to hear a petition to proceed on account of the regular probate judge being a witness for the proponents. This action was acquiesced in by the opponents of the will and the case tried and the will ordered admitted to probate.

The decision of the probate judge has been appealed to the district court.

The question is whether the action now reverts back to the regular probate judge to carry on the administration of the estate or does the pro tem have the duty to carry it clear through to final distribution?

The first order to be made after the will is admitted to probate is the issuing of letters testamentary to the executor or administrator, the approval of the appeal bond, if an appeal is taken, the certification of the appeal to the district court and the approval of the inventory of the executor or administrator. Some of these steps have been taken by the judge pro tem. The regular judge acting as clerk of his own court has refused to recognize them by putting the seal of the court thereon. Some of them have been performed by the regular judge, such as approval of the appeal bond and certifying the case to the district court. This court recognizes the necessity for an early decision, hence the advancement.

The section providing for the appointment of a probate judge pro tem, pursuant to which the clerk of the district court acted, is G. S. 1947 Supp. 59-203. It provides as follows:

"The probate judge may appoint some qualified person to act as probate judge pro tem during the absence or incapacity of the probate judge. When an affidavit of a party to a probate proceeding, or of his attorney of record, is filed with the clerk of the district court stating that the probate judge is insane, or that he is interested or has been counsel in the subject matter of the probate proceeding, the clerk of the district court shall appoint a probate judge pro tem, who shall be a member of the bar, to act as probate judge."

It will be noted, first the probate judge may appoint a judge pro tem to act during his absence or incapacity. That provision does not interest us here. The section then provides that upon the filing with the clerk of the district court of an affidavit of a party interested, stating that the probate judge is insane, or is interested, or has been counsel in the subject matter of the action, the clerk shall appoint some member of the bar probate judge pro tem "to act as probate judge."

The affidavit filed with the clerk of the district court stated that

since the judge was to be a witness for the proponents of the will he was "interested in the subject matter of the action." The proponents took the position that since the question of fact to be decided by the probate court was the testamentary capacity of the testator and since he was to be a witness for them on that point, to permit him to sit and hear and pass on that question of fact would be to require him to weigh his own testimony, hence he was interested.

We are not called on here to pass on whether the situation is one to which this section applies or whether it was proper for the clerk of the district court to act on the affidavit and name a judge pro tem without notice to the other side. The opponents proceeded to submit the matter to the judge pro tem without objection. They have been permitted to file an intervening petition in this action. They do not question the right of the judge pro tem to hear and determine the question of the admission of the will to probate. They stipulated as to how much he should be paid for serving. They do, however, argue that his authority ceased with the determination of the sole question.

There can be no doubt but that the disqualification of the probate judge was based on the fact that he was in posession of some facts bearing on the testamentary capacity of the testator which the proponents considered of sufficient weight that they should be allowed to introduce it at the hearing. No other question as to his being qualified was raised. No statement whatever is made by any party tending to disqualify him for any other reason. That disqualification ceased when the judge pro tem weighed the testimony and found that the testator had the testamentary capacity to make a will. The fact that when the matter comes on to be tried *de novo* in the district court the probate judge will again be a witness for the proponents of the will does not disqualify him to act in the matters that arise in the administration of the estate. He will never again be asked to pass on the testamentary capacity of the testator. The district court will be charged with the duty of weighing the evidence in that trial.

The question is one of first impression in this state. We have some authorities, however, from other jurisdictions. In *Graham v. The People, ex rel.*, 111 Ill. 253, the county judge, before whom a matter involving a widow's award in an estate was filed had been, before he became a judge, attorney for parties opposed to the widow. When the matter came on to be heard before him, he acting

pursuant to a statute upon which he argued he was entitled to rely, transferred the matter to another county judge. There was another statute which required a county judge when a matter in which he was interested came before him to enter such facts upon the record and certify the matter to the circuit court of the county. On an application for a writ of mandamus the supreme court of Illinois held that the matter should have been certified under that statute. The statement in the opinion in which we are interested, however, occurs in the paragraph where the court held it to be the duty of the county judge to certify the record to the circuit court. The court then said:

"We are, however, of the opinion that only the questions in which the respondent is interested as counsel, should be certified. In all other respects the settlement of the estate may proceed before him as well as another. An estate is not a single litigation. Its settlement may involve many distinct legal controversies, in some of which one attorney may be interested, and in others different attorneys,—and as far as is here perceived the interest of the respondent goes no further than the question of the widow's award."

That language is apropos here. The admission of the will to probate is one proceeding. Provision is made for it in G. S. 1947 Supp. 59-601 et seq. and G. S. 1947 Supp. 59-2219 et seq. Then in another article of the code we find the provision for issuing letters testamentary. (See G. S. Supp. 1947, 59-701 et seq.) Still another section provides for the filing by the executor or administrator of an inventory of the estate. (See G. S. Supp. 1947, 59-1201.) There are many situations in the administration of an estate, provision for which is made in different sections. G. S. Supp. 1947, 59-2201, provides as follows:

"Every application in a probate proceeding, unless made during a hearing or trial, shall be by petition signed and verified by or on behalf of the petitioner. No defect in form shall impair substantial rights; and no defect in the statement of jurisdictional facts actually existing shall invalidate any proceedings."

It could well be that an interest such as is claimed disqualified the judge in this case might disqualify a judge as to any one of these other matters and not as to the others. Each one of them arises under a particular section of the statute and must be determined upon facts and circumstances surrounding them. Here all parties agree that had it not been for the proponents desiring to use the judge as a witness on the sole matter of the testamentary capacity of the testator he would have proceeded to hear the offer of the

will for probate and this action would never have arisen. We can see no ground for holding that the disqualification extended beyond that hearing for which his so-called interest disqualified him.

In *State ex rel. Nichols et al. v. Johnson, County Judge,* 40 Okla. 511, 139 Pac. 699, it was charged that the judge of a county was biased and prejudiced against the proponents of an alleged lost will. The action was mandamus to compel him to certify his disqualification to preside as judge in the matter of the estate. A referee was appointed who heard evidence and reported that the judge was so biased against the proponents as to prevent them from having a fair hearing on the matter of the probate of the will but not so biased that the proponents would not have a fair hearing in all other matters connected with the estate. It was contended that the finding that he was disqualified in the proceeding to probate the will rendered him disqualified in all the proceeding in the administration of the estate. The court cited with approval *Graham v. The People ex rel.,* supra, and said:

"As respondent now concedes his disqualification the proceeding to probate the will, a writ of mandamus will not issue to compel him to certify such disqualification, unless it be shown to us subsequently that respondent refuses to certify his disqualification in that proceeding.

"As to all other proceedings or questions in the administration of the estate, the facts before us do not authorize the issuance of a writ of mandamus to compel respondent to certify his disqualifications relative thereto; and the writ, as to such proceedings, is denied. All the Justices concur."

*State ex rel. Vinson et al. v. Outcelt, Judge et al.,* 43 Okla. 482, 143 Pac. 198, was another phase of the above case. A special judge had set aside an order of the regular judge of the county court, appointing an administrator, and had appointed a special administrator. The proceeding was prohibitive to set aside that order of the special judge and to prevent his making any further void orders. The court said that as to all matters concerning the estate except the one of admitting the will to probate the regular judge of the county court was qualified to act and the special judge was without jurisdiction to make the order complained of or any other order affecting the administration of the estate except in the matter in which the regular judge was disqualified. The reasoning in all three of these opinions appeals to us.

Plaintiff calls our attention to the fact that in the order admitting the will to probate the probate judge pro tem ordered that plaintiff in this action, the executor named in the will, be named executor

and letters testamentary be issued to him and that he be not obliged to give bond. The issuing of letters testamentary to plaintiff is one of the orders of the judge pro tem upon which the defendant refuses to place the seal of the court and which he claims is void for lack of jurisdiction in the judge pro tem. The plaintiff argues that the admitting the will to probate and issuing letters testamentary was actually the same judicial act; that one was incidental to the other and once it be conceded that the judge pro tem had jurisdiction to hear and determine whether the will should be admitted to probate, jurisdiction to issue letters testamentary follows as a matter of course.

We cannot agree with this. The provision for issuing letters testamentary, as has been pointed out in this opinion, is in a different section and different article than the one for probating a will. Furthermore, the intervening petitioners point out that while they have no objection to plaintiff being appointed executor, they, even though the will provides that he shall serve without bond, intend to ask that he be requested to give bond. They base this argument on G. S. 1947 Supp., 59-1104. That section provides as follows:

"When by the terms of any last will, or other written instrument creating a trust in favor of persons subject to guardianship, the testator or settlor shall express a wish that the executor, testamentary guardian, or trustee named therein shall execute the same, or the trust created thereby, or condition named therein, without giving bond, no bond shall be required unless the probate court, for sufficient cause, deems it proper to require it; but the court may, at any subsequent period, on the application of any party interested, or on its own motion, require bond to be given."

Defendant argues that this section does not give the probate court in this case power to require him to give bond. We do not find it necessary to decide that question here. It is clear, however, that the opponents of the will had a right to present the question to the probate court in the first instance in order to have the matter determined. The matter is dealt with in a different article than any we have so far considered. Actually it is a distinct matter from that of the testamentary capacity of the testator, the question upon which the defendant is charged with being interested. We hold that it is not incidental to admitting the will to probate but a distinct proceeding.

Plaintiff in his brief states that he wishes to make it clear that this situation differs from that where a probate judge is disqualified

from hearing testimony of the subscribing witnesses to a will because he himself is a subscribing witness. Plaintiff says:

"In those instances the right procedure has always been and is, that a Probate Judge will himself appoint a Judge pro tem to hear that testimony, and pass upon it, and thereupon the regular Judge resumes jurisdiction and proceeds. Here we have the regular Probate Judge a material witness to the mental capacity of the testatrix. Certainly he cannot act as a witness and Judge simultaneously."

We have trouble finding the distinction in these situations. Once the question of the testamentary capacity of the testator was determined in probate court there no longer was any matter in the administration of this estate in which the probate judge was both judge and witness. The question of whether the executor named in the will should be permitted to serve without bond is not such a one. We realize the will provided that the person named by the probate judge pro tem should serve without bond. The validity of this will has not yet been finally determined, however. There is still a trial on the question of fact to be had in district court. What will be the outcome there may not be foreseen. Then there may be an appeal to this court. It might very well be made to appear to the probate court that the executor who is about to take into his possession all the assets of this estate should be required to give a bond for the benefit of the opponents to this will who still have an interest in the conservation and preservation of the estate.

Plaintiff makes the point that the probate judge pro tem should fix the appeal bond and that the probate judge has no legal right to do so. The section providing what orders of the probate court shall be appealable sets out some twenty-one such orders. Each one of these refers to a matter that would follow a hearing in probate court. (See G. S. 1947 Supp. 59-2401.) The requisites for an appeal are provided for in G. S. 1947 Supp. 59-2405. Subsection 2 provides that "The appellant . . . shall file in the probate court a bond in such sum and with such sureties as may be fixed and approved by the probate court, conditioned that he will, without unnecessary delay, prosecute the appeal and pay all sums, damages, and costs that may be adjudged against him."

Here is a matter requiring the exercise of judicial discretion on the part of the probate judge. The affidavit filed with the clerk of the district court stated the probate judge was interested because he was to be a witness for the proponents of the will as to one matter

involved in the administration of the estate. The matter about which he testified will not require consideration in the fixing and approving of the appeal bond. No reason is advanced why he would be disqualified to pass on that.

Plaintiff next points out several items of costs, such as the stenographers' fees, the fee of the judge pro tem, witness fees and the attorneys' fees, which he argues are all payable out of the estate, and argues that the fixing of these, especially the attorneys' fees, is for the judge pro tem and him alone. The fees for the witnesses, the stenographers and the judge pro tem are all either fixed by statute or were fixed by agreement of the parties. We see no reason why the probate judge cannot, on proper showing, fix the fees to be paid the attorneys. It clearly is not a matter to which the disqualification applies.

Plaintiff cites and relies on our holding in *Hentig v. Thomas*, 7 Kan. App. 115. This opinion is not in point here because the matter submitted to the judge pro tem in that action had not been concluded pursuant to the statute when the regular judge took over.

Plaintiff cites and relies on the rule stated in 33 C. J. 1035, as follows:

"If a special judge is selected for the purpose of hearing or presiding over a certain and specified case or cases, his jurisdiction is limited to the trial and determination of that particular case or cases. He has no authority in any other case or cause, although it may be between the same parties. But the special judge, after he qualifies, possesses all the powers of the regular judge as to the case or cases for which he has been selected, until it or they have been finally determined, regardless of the disqualification of the regular judge, subject to revert to the control of the regular judge in the event that the special judge becomes incapacitated or refuses to act. His power extends to matters with respect to the trial of the case, to all matters therein subsequent to the verdict and judgment, and to matters regarding the enforcement of the judgment and to matters of review and appeal."

This rule is actually against the contention of plaintiff. Here we have demonstrated the matter the probate judge was appointed to hear and determine was whether the will should be admitted to probate. He was disqualified to hear and determine that matter only and no other. Plaintiff points out the order of the clerk of the district court wherein that official appointed the judge pro tem "to hear and determine the proceedings in the above captioned matter." He argued that by this order the clerk conferred on the judge pro tem jurisdiction to hear and determine any matters that might arise during the administration.

This order is based, however, on the affidavit filed with the clerk. This affidavit stated that proceedings were to probate a will and the nature of the interest of the judge. Regardless of the wording of the clerk's order that official had no authority to appoint a judge pro tem at all except for the reasons set out in the affidavit and his order could not extend the disqualification of the judge beyond that stated in the affidavit.

Plaintiff points out the order of the probate judge pro tem admitting the will to probate wherein he retained jurisdiction for the purpose of taxing costs and disposing of post-trial matters. We have demonstrated that the judge pro tem had no jurisdiction further than to determine whether the will should be admitted to probate. His order retaining jurisdiction is a nullity.

The writ is denied.

HARVEY, C. J., not sitting.